SILAS EZRA, Suing on Behalf of Himself Individually, and on Behalf of All Other Bondholders Similarly Situated, Who May Join in This Action and Contribute to the Expenses Thereof, Plaintiff, *v.* THOMAS W. LAMONT and Others, Defendants.

Supreme Court, New York County, December 26, 1933.

*Hardin, Hess & Eder* [*Jerome S. Hess, Irving I. Goldsmith, Phanor J. Eder, Harold B. Elgar* and *Frank Rashap* of counsel], for the Government of the United States of Mexico, appearing specially.

*Davis, Polk, Wardwell, Gardiner & Reed* [*Edwin S. S. Sunderland, Leighton H. Coleman* and *Ralph M. Carson* of counsel], for Thomas W. Lamont and others.

*Hiram S. Gans,* for the plaintiff.

FRANKENTHALER, J. The complaint in this action ·seeks a decree adjudging (1) that those defendants who compose the International Committee of Bankers of Mexico are trustees and fiduciaries of the plaintiff and all holders of secured bonds of the Republic of Mexico similarly situated; (2) that such defendants hold certain specified funds for the benefit of said bondholders; (3) that the aforesaid defendants account for their acts as members of the International Committee; (4) that they be perpetually enjoined from paying or returning to the Mexican government any of the moneys now in their hands or which they may hereafter receive for the benefit of the bondholders; (5) that the defendants be permanently restrained from paying to the holders of any unsecured or other obligations of the Mexican republic, or to any one else, any sums whatsoever from the funds in their possession payable to the holders of the secured debt, and (6) that a certain agreement dated July 25, 1930, between the committee and the Mexican government·be set aside and the committee enjoined from entering into any contract embodying the terms of the said agreement.

The government of the United States of Mexico appearing specially moves to dismiss the action, asserting that it declines to submit to the jurisdiction of this court and that it is a necessary party defendant without whose presence the subject-matter of the action may not be passed upon by the court. The government of Mexico claims that the funds in the possession of the International Committee of Bankers belong to it and that the subject of the action refers wholly to questions affecting the public debt of Mexico, the discharge by the Mexican government of its obligations relative

to said debt, and to the acts of the International Committee as agents of the Mexican government.

A reading of the complaint and of the papers submitted renders it evident that the court cannot determine the issues involved without deciding whether the funds in the hands of the International Committee are or are not the property of the government of Mexico, whether said government has performed its obligations in respect to its public debt, whether the International Committee are agents of the Mexican government and as such have performed their duties toward it, whether the government of Mexico, a sovereign independent State, should be restrained from entering into certain agreements relating to its public debt, whether an agreement to which said government is a party should be set aside, and various other questions in which said government has a vital interest.

It appears to be well-settled law that a foreign State may not be compelled against its will to submit to the adjudication of questions affecting its rights and that the remedy of the plaintiff is to seek redress through the executive branch of our national government. It is unnecessary to discuss this subject at length in view of the fact that a motion by the government of Mexico to dismiss a previous action involving substantially the same issues as those presented in the instant one was recently granted by Mr. Justice LYDON (*Lamont* v. *Travelers Ins. Co.*, N. Y. L. J. Jan. 31, 1933) and in view of the opinion of the Appellate Division of this Department in *Gallopin* v. *Windsor* (234 App. Div. 601).

In the *Gallopin* case an order granting plaintiff's motion for the appointment of temporary receivers of funds in the possession of the International Committee was reversed, the court saying: " We consider that the government of Mexico is a necessary party in interest in the fund proposed to be impounded by this receivership order; and since it is a sovereign State and cannot be made a party without its consent, there was no jurisdiction to appoint receivers of its funds or to issue an injunction against the disposition thereof."

The motion to dismiss the action is granted.