THOMAS W. LAMONT and Others, Individually and as the International Committee of Bankers on Mexico, Plaintiffs, *v.* THE TRAVELERS INSURANCE COMPANY and Others, and Such Other Persons, Firms and Corporations as May Intervene in This Action as Parties Defendant, Defendants.

LOUIS S. OTTENHEIMER, Intervenor, Appellant; THE GOVERNMENT OF THE UNITED STATES OF MEXICO, Appearing Specially, etc., Respondent.

First Department, June 24, 1938.

*Mark Hyman* of counsel [*Frank R. Bruce* with him on the brief; *Maurice B. & Daniel W. Blumenthal*, attorneys], for the appellant.

*Jerome S. Hess* of counsel [*Frank Rashap* with him on the brief; *Hardin, Hess & Eder*, attorneys appearing specially, etc.], for the respondent.

TOWNLEY, J. This action was brought by the plaintiffs, individually and as the International Committee of Bankers on Mexico, for a voluntary accounting for moneys received from the Mexican

government under the terms of an agreement between them and the Mexican government and between them and the depositors of bonds of the Mexican government. These moneys were provided by the Mexican government and paid to the committee for distribution to depositing bondholders. The appellant is one of the latter. Neither the plaintiffs nor any of the other defendants have appealed. The appellant makes certain counterclaims to the fund and asks for its distribution in accordance with his demands. The Mexican government was not made a party to the action. It intervened, however, and by appropriate proceedings refused as a sovereign State to submit to the jurisdiction of the court. The court below held that the Mexican government was a necessary party and dismissed the complaint.

The substantial question presented by this appeal is whether the Mexican government is a necessary party to the action. On this question the court is bound by prior decisions involving the very matters which are the subject of this action. The only substantial difference is that the prior actions were brought to compel the committee to account, whereas in this action the committee is seeking voluntarily to account. That the United States of Mexico is a necessary party to this action, as it was held to be in the actions above referred to, is indicated by the fact that the complaint herein demands that it be adjudicated in the accounting proceeding whether the Mexican government has an interest in all or part of the funds in the hands of the committee sufficient to require it to deliver over all or part of such funds to said government. In this connection, the Mexican government claims ownership of said funds. The appellant demands that the plaintiffs be enjoined from returning any of the funds now in their possession directly or indirectly to the Mexican government or its agents and that a receiver be appointed therefor.

In *Gallopin* v. *Winsor* (234 App. Div. 601; leave to appeal denied, November 24, 1931, by the Court of Appeals), which was an action brought to compel the plaintiffs herein as committee to account, this court said: " We consider that the government of Mexico is a necessary party in interest in the fund proposed to be impounded by this receivership order; and since it is a sovereign State and cannot be made a party without its consent, there was no jurisdiction to appoint receivers of its funds or to issue an injunction against the disposition thereof. We think the order was improvident and should be reversed, with ten dollars costs and disbursements to the appellants, and the motion denied, with ten dollars costs." The same question also came up and was similarly decided in

*Ezra* v. *Lamont* (149 Misc. 912; affd., 241 App. Div. 805; affd., 265 N. Y. 635; certiorari denied, 295 U. S. 766).

As noted, the Mexican government has asserted a claim of ownership to the funds involved and has further claimed that the committee holds the moneys as its agent properly to apply and account therefor, and that it has a direct and vital interest in the accounting as to moneys distributed in the past. The appellant in effect asks this court to brush these claims aside by determining that there is no basis therefor either in law or in fact. This the court cannot do in the absence of the Mexican government.

The order appealed from should be affirmed, with twenty dollars costs and disbursements.

MARTIN, P. J., COHN and CALLAHAN, JJ., concur; O'MALLEY J., dissents and votes to reverse and deny the motion.

O'MALLEY, J. (dissenting). In my opinion the plea of sovereignty raised on the special appearance by the government of Mexico should not operate as a bar to plaintiffs' suit nor the defendant-appellant's counterclaim, so far at least as an accounting is concerned. The plea of sovereignty should not be used as a weapon to defeat the rights of other parties. Here the court had jurisdiction of trustees and beneficiaries and should exercise it for the taking of an account in any event. To this sort of an action the government of Mexico is not an indispensable party. What further or other relief than an accounting may properly be decreed is a matter that need not be here decided, but left to a full adducement of the facts and the exigencies of the case as may be disclosed after the accounting.

I, therefore, dissent and vote for a reversal and the denial of the motion.

Order affirmed, with twenty dollars costs and disbursements.