In the Matter of the UNITED STATES OF MEXICO et al., Respondents, against PETER SCHMUCK, a Justice of the Supreme Court of the State of New York, et al., Appellants.

Argued May 24, 1944; decided July 19, 1944.

*Joseph C. Slaughter, Arthur B. Hyman* and *Morris Katz* for appellants. I. Prohibition should not have been granted. (*People ex rel. Livingston* v. *Wyatt,* 186 N. Y. 383; *Ex Parte Peru,* 318 U. S. 578.) II. The Supreme Court was not bound to treat the suggestion of immunity filed on behalf of Petroleos Mexicanos as conclusive and to relinquish its jurisdiction of the action and of the property attached. The government of Mexico and Petroleos Mexicanos have waived the right of immunity from suit. The State Department did not attempt to predetermine the question of the waiver of immunity. Indeed, it could not do so. (*Hannes* v. *Kingdom of Roumania Monopolies Institute,* 260 App. Div. 189; *Bank of United States* v. *Planters' Bank of Ga.,* 9 Wheat. 904; *The Pesaro,* 277 F. 473; *The Swift,* 1 Dods. 320; *Salas* v. *United States,* 234 F. 842.) III. The doctrine of immunity has not and should not be extended to claims made on behalf of an autonomous body corporate endowed with all the characteristics of an ordinary private corporation organized by the sovereign for the purpose of and which does engage in commercial enterprise; nor has it been extended to property not directly owned by the sovereign. (*The Pesaro,* 277 F. 473; *Compania Espanola* v. *Navemar,*

303 U. S. 68; *Royal Italian Government* v. *National B. & C. Tube Co., Inc.,* 294 F. 23, 264 U. S. 587; *Sloan Shipyards* v. *U. S. Fleet Corp.,* 258 U. S. 549; *Keifer & Keifer* v. *R. F. C.,* 306 U. S. 381; *United States* v. *Deutsches Kalisyndikat Gesellschaft,* 31 F. 2d 199; *Coale et al.* v. *Société Co-operative Suisse Des Charbons, Basle, et al.,* 21 F. 2d 180; *United States* v. *Strang,* 254 U. S. 491; *Ulen & Co.* v. *Bank Gospodarstwa Krajowego,* 261 App. Div. 1; *Banco de Espana* v. *Federal Reserve Bank,* 114 F. 2d 438; *Sullivan* v. *State of Sao Paulo,* 122 F. 2d 355.)

*Jerome S. Hess, Irving I. Goldsmith* and *Frank M. Rashap* for respondents appearing specially. I. The claim of Mexico to immunity having been " recognized and allowed " by the State Department, it was the duty of the court to dismiss the complaint and vacate and annul the warrant of attachment. (*Compania Espanola* v. *Navemar,* 303 U. S. 68; *Ex Parte Republic of Peru,* 318 U. S. 578; *The Janko,* 54 F. Supp. 240; *Lamont* v. *Travelers Insurance Co.,* 281 N. Y. 362.) II. Mexico's right to sovereign immunity extends to this action brought against it although the named defendant is Petroleos Mexicanos. (*Oliver American T. Co.* v. *Government of the U. S. of Mexico,* 5 F. 2d 659; *Dexter & Carpenter* v. *Kunglig Jarnvagsstyrelsen,* 43 F. 2d 705.) III. Neither the Government of the United States of Mexico nor its instrumentality, Petroleos Mexicanos, have by any act waived immunity from suit, or consented to the exercise of jurisdiction, or appeared generally herein, but, on the contrary, have at each stage of the proceedings protested to the jurisdiction of the court, and asserted their right to immunity as a sovereign and as an instrumentality of a sovereign. (*Dexter & Carpenter* v. *Kunglig Jarnvagsstyrelsen,* 43 F. 2d 705; *Board of Directors of St. Francis Levee District* v. *Bodkin Bros.,* 108 Tenn. 700; *Sloan Shipyards* v. *U. S. Fleet Corp.,* 258 U. S. 549; *Compania Mercantil Argentina* v. *United States Shipping Board,* 40 Times L. R. 601; *Owners of S. S. Victoria* v. *Owners of S. S. Quilwark* [1922], Scots Law Times 68; *Bradford* v. *Director General of Railroads of Mexico,* 278 S. W. 251.) IV. The Appellate Division had jurisdiction to issue the order of prohibition. (*Ex Parte Republic of Peru,* 318 U. S. 578; *Matter of Baltimore Mail S. S. Co.* v.

*Fawcett,* 269 N. Y. 379; *United States* v. *Caffey,* 141 F. 2d 69; *Mutual Life Ins. Co.* v. *Anthony,* 105 N. Y. 57; *Matter of Culver Contr. Corp.* v. *Humphrey,* 268 N. Y. 26.)

*James B. M. McNally, United States Attorney for Southern District of New York (Marvin M. Notkins* of counsel), for United States of America, *amicus curiæ.* The suggestion of immunity left no question of fact for determination by the Special Term, and required that court to dismiss the complaint and vacate the warrant of attachment unless it found that the contract between the parties constituted a waiver of immunity. *(Ex Parte Republic of Peru,* 318 U. S. 578; *Compania Espanola* v. *Navemar,* 303 U. S. 68.)

LEHMAN, Ch. J. The complaint in an action brought against Petroleos Mexicanos by Associated Metals and Minerals Corporation, a corporation organized under the laws of the State of New York, describes the defendant as "an entity created under and by virtue of the laws of the Republic of Mexico, with power to sue and authorized to be sued in the name of 'Petroleos Mexicanos'." Associated Metals and Minerals Corporation obtained an order of attachment against the defendant and the Sheriff of New York County made a levy thereunder on funds standing in the name of Petroleos Mexicanos at Pan American Trust Company, 70 Wall Street, New York City. The United States of Mexico, through the Charge d'Affaires of the Mexican Government, informed the Secretary of State that moneys standing in the name of Petroleos Mexicanos had been seized under a warrant of attachment in the action of *Associated Metals and Minerals Corporation* v. *Petroleos Mexicanos,* pending in the Supreme Court of the State of New York; that Petroleos Mexicanos is an "agent and instrumentality of the Mexican Government created, organized and existing for the sovereign and governmental purposes" of that Government; that "all property and moneys held in the United States of America in the name of or pertaining to Petroleos Mexicanos" are moneys belonging to the Mexican Government "in its capacity as a sovereign", and that the Mexican Government cannot "with due regard to its national dignity, submit itself directly or through Petroleos Mexicanos, its agent or instrumentality, or

any of its national property, to the jurisdiction of a friendly sovereign sister State."

In his note to the Secretary of State the Charge d'Affaires incorporated the decree of the Mexican Government creating Petroleos Mexicanos and called attention " to the fact that Petroleos Mexicanos is not a corporate entity or an institution of civil or commercial law, but.was organized by my Government as a public institution wholly owned and controlled by it for the purpose of operating Mexican Government property." Accordingly the Mexican Government requested " the good offices of the Department of State to the effect that the Supreme Court of New York County, State of New York, be apprised of the immunity of Petroleos Mexicanos and of its funds from suit and attachment."

Through their attorneys, the United States of Mexico and Petroleos Mexicanos appeared specially in the action pending in New York County and applied for an order of the court dismissing the action and vacating the warrant of attachment on the ground that the sovereign rights of the United States of Mexico are affected and that the property of the United States of Mexico and its agent and instrumentality, the defendant in the action, is not subject to the jurisdiction or judgment of the court. The plaintiff in the action opposed the motion. It urged that the property which has been attached, in fact, belongs to the defendant Petroleos Mexicanos and it denied that Petroleos Mexicanos is an agent or instrumentality of the Mexican Government. It contended that Petroleos Mexicanos is an autonomous corporate body which under the law of its creation may sue and be sued and that the Mexican Government is not a party to the action and is not entitled to be heard upon the motion to dismiss or to claim immunity on' behalf of the defendant Petroleos Mexicanos. It contended, too, that:

" Petroleos Mexicanos, as well as the Mexican Government have waived the right to claim immunity from suit in the Courts of this Land, or, rather, have agreed not to assert a claim of immunity. The contract for the purchase and sale of cutback asphalt, which is the subject matter of this action * * * specifically provides,

' It is understood and agreed that any questions that may arise or any disputes that may occur in connection with any

matter or thing relating to the subject of this contract, shall be determined by the laws of the State of New York and/or the laws of the United States of America '."

At the request of the Attorney-General of the United States, the United States Attorney for the Southern District of New York presented to the court a " Suggestion of Immunity with respect to Petroleos Mexicanos and its property " and attached to the Suggestion a letter from the State Department and a copy of the note of the Mexican Charge d'Affaires to which reference has been made earlier in this opinion. The Suggestion concludes:

"V. By reason of the premises it has been conclusively determined that said Petroleos Mexicanos is immune from suit and its property from attachment, and the claim of immunity having been recognized and allowed by the Executive Branch of the Government, and this suggestion of immunity having been filed pursuant to the directions of the Attorney General of the United States, it is the duty of this Court to dismiss the action against Petroleos Mexicanos for want of jurisdiction and to vacate any attachment or other process that may have heretofore been issued in this proceeding against any property of Petroleos Mexicanos. *Compania Espanola* v. *Navemar*, 303 U. S. 68; *Ex Parte Republic of Peru, United States Supreme Court*, October term, 1942, Original No. 13, decided April 5, 1943.

" WHEREFORE, the undersigned by direction of the Attorney General of the United States advises this Court of the foregoing communications and suggests and prays that the claim of immunity made on behalf of said Petroleos Mexicanos and recognized and allowed by the State Department be given full force and effect by this Court; that the said Petroleos Mexicanos and its property be declared immune from the jurisdiction and process of this Court; and for such other and further relief as to the Court may seem just."

The letter from the State Department signed by the Secretary of State, states among other things: " The Department accepts as true the statements made by the Charge d'Affaires ad interim to the effect that ' Petroleos Mexicanos ' is a public Agency or Instrumentality of the Sovereign State of Mexico; and I may add that it has heretofore been recognized as such by this Govern-

ment. Since it is well settled that a Sovereign Foreign State cannot.be sued in the United States, without its consent, the Department, in the absence of evidence of such consent in the present instance, recognizes and allows the claim of the *Government of Mexico* that ' Petroleos Mexicanos ' is immune from suit and its property from attachment."

It should be noted here that while the Secretary of State certifies that the Department accepts as true the statement that Petroleos Mexicanos is a " public Agency or Instrumentality of the Sovereign State of Mexico " and points out that it is well settled that a Sovereign Foreign State cannot be sued in the United States " *without its consent* " it is only " *in the absence of evidence of such consent in the present instance* " that the Department recognizes and allows the claim that Petroleos Mexicanos is immune from suit and its property from attachment. In the Suggestion filed by the United States Attorney the court is informed that it is its duty to dismiss the action against Petroleos Mexicanos for want of jurisdiction and to vacate the attachment issued in this proceeding, and there is no express reference to the fact that the Department of State has recognized the claim of immunity only in the absence of evidence in this case of consent to be sued.

In spite of the Suggestion of the United States Attorney and the letter of the State Department, the court at Special Term felt constrained by its construction of earlier decisions of the Appellate Division to receive evidence on some of the matters urged by the plaintiff in the action in opposition to the motion to dismiss, and accordingly made an order that " the questions of fact arising out of the papers submitted on this motion, to wit:

" (1) Whether defendant, Petroleos Mexicanos, is an instrumentality of the United States of Mexico, solely for governmental purposes,

" (2) Whether defendant, Petroleos Mexicanos, is a corporation or other legal entity engaged in business and in commercial activities,

" (3) The nature and character of the business activities and enterprises of the defendant, Petroleos Mexicanos,

" (4) Whether either the United States of Mexico or defendant, Petroleos Mexicanos, or both, have waived the right to

claim immunity from suit on behalf of defendant, Petroleos Mexicanos,

"be and the same hereby are referred to JEREMIAH B. LYONS, ESQ., of 70 Pine Street, as referee, to try such questions of fact and to report his findings to this court for its further action."

The United States of Mexico then applied to the Appellate Division for an order prohibiting the judges and officers of the Supreme Court from taking any further steps and proceedings in the action brought by Associated Metals and Minerals Corporation against Petroleos Mexicanos and from enforcing any order or decision made herein. The Appellate Division granted the application, saying that "without attempting to distinguish the cases heretofore considered in this State * * * we are impelled to grant the relief now sought because of the disposition of the United States Supreme Court in *Ex Parte Peru* (318 U. S. 578)." (267 App. Div. 167.)

The Supreme Court of the United States reiterated in the cited case the well established principle that "courts may not so exercise their jurisdiction, by the seizure and detention of the property of a friendly sovereign, as to embarrass the executive arm of the government in conducting foreign relations." (p. 588.) A friendly sovereign is immune from suit here and the property of the sovereign is immune from seizure and detention. A *mere* suggestion of immunity or assertion by a sovereign that a defendant sued here is its agent or that property seized under process of a court belongs to the sovereign does not, however, compel the court to decline jurisdiction or preclude judicial inquiry into the facts — even though the suggestion be presented to the court by the Attorney-General upon the request of the Department of State. A suggestion so presented is only the allegation of a claim and "gives to the foreign government only the right to intervene and prove its allegation" unless the Department of State does more than present the suggestion for "such consideration as the Court may deem necessary and proper." (*Lamont* v. *Travelers Ins. Co.,* 281 N. Y. 362, 372, 374.) The situation is different when the claim has been examined by the "political arm of the Government charged with the con-

duct of our foreign affairs " and has been recognized and allowed by it. (*Ex parte Peru, supra,* 588.) The court there said that " upon recognition and allowance of the claim by the State Department and certification of its action presented to the court " by the Attorney-General, it is the duty of the court to decline jurisdicion, surrender the property held by virtue of its process and remit a plaintiff to the relief obtainable through diplomatic channels.

In this case the State Department has informed the Attorney-General that it " recognizes and allows the claim of the Government of Mexico that ' Petroleos Mexicanos ' is immune from suit and its property from attachment "; and at the request of the Department of State the Attorney-General has presented to the court certification in due form of the action of the Department of State. Judicial inquiry into the validity of the claim that Petroleos Mexicanos is a " public Agency or Instrumentality of the Sovereign State of Mexico " and " is immune from suit " was precluded after such certification was presented. It is immaterial whether upon a judicial inquiry a court might have found in the decree creating Petroleos Mexicanos an intention by the Mexican Government to create an autonomous corporation which should not share the immunity of the sovereign. That ceased to be a judicial question when the Department of State had authoritatively recognized the claim of immunity. The assertion by a foreign sovereign of immunity from suit here might in some cases cause hardship to domestic suitors, but we may not assume that the Government of Mexico would assert its sovereign immunity to evade a just claim, and our recognized public policy is that " our national interest will be better served in such cases if the wrongs to suitors, involving our relations with a friendly foreign power, are righted through diplomatic negotiations rather than by the compulsions of judicial proceedings." (*Ex Parte Peru, supra,* 589.) It follows that the Appellate Division properly prohibited the court from proceeding with a judicial inquiry into the status of Petroleos Mexicanos and its immunity from suit. The Department of State having taken action upon the first three questions formulated in the order of reference and its action having been certified to the court " the judicial department of this government

follows the action of the political branch, and will not embarrass the latter by assuming an antagonistic jurisdiction." (*United States* v. *Lee,* 106 U. S. 196, 209; *Ex Parte Peru, supra.*)

Apparently, however, upon the proceedings in the Appellate Division the court and the parties overlooked the fact that though the Department of State recognized and allowed the claim that Petroleos Mexicanos was immune from suit and its property from seizure, the State Department did not pass upon the question whether *in its contract* with Associated Metals and Minerals Corporation it had " consented to be sued ". The Department of State pointed out that upon that question no evidence had been presented to it. Upon the appeal to this court that limitation in the Suggestion of Immunity was clearly pointed out to the court in a brief filed by the United States Attorney as *amicus curiae* with the permission of the court. Appended to the brief is a copy of a letter from the Secretary of State to the Attorney-General of the United States in which the Secretary of State said: " Since the contract between the plaintiff and the defendant, upon which it was understood allegations of waiver of immunity would probably be predicated, was not in the possession of the Department when it requested your assistance on May 11, 1943, the Department did not, of course, pass upon the question whether the contract could properly be regarded as constituting consent to be sued in the United States, or whether, if it could properly be so regarded, such action on the part of the defendant operated to deprive the State of Mexico of its right of sovereign immunity. The Department did pass upon and determine all questions of immunity, waiver of immunity, and consent to be sued other than the effect, if any, of any provision in the contract between the plaintiff and the defendant which allegedly constituted consent to suit. Consequently, it would seem desirable that any misunderstanding which may have arisen in that relation be clarified in the proceedings now pending in the courts."

We do not give effect to the letter as an official action of the Department of State supplementing its original action or even as an authoritative interpretation of that action — otherwise we might perhaps require that it be presented to the court more formally. It does no more than call attention to the

significance of a phrase in the original letter which might otherwise be overlooked but which when noted requires no explanation. The political branch has at all times left to the judicial branch determination of whether the Mexican Government or its agent has by contract waived its sovereign immunity and has consented that Petroleos Mexicanos be sued here, though under the law of its creation it shares the sovereign immunity of the Government. The Supreme Court of this State still has jurisdiction of that question. We need not now consider whether the Department of State may if it chooses take official action which would require the court to relinquish its jurisdiction, nor do we now consider whether the question of law left open for judicial determination is substantial.

The order of the Appellate Division should be modified to the extent that the order of prohibition should be confined to the first three questions in the order of reference.

The order of the Appellate Division should be modified in accordance with this opinion, and, as so modified, affirmed. without costs. (See 293 N. Y. 768.)

LOUGHRAN, RIPPEY, LEWIS, CONWAY, DESMOND and THACHER, JJ., concur.

Ordered accordingly.