NYOK ZOE DONG TSIANG, Plaintiff, *v.* TINGFU F. TSIANG, Defendant.

Supreme Court, Special Term, New York County, February 7, 1949.

*Nordlinger, Riegelman & Benetar* for defendant.

*John F. X. McGohey, United States Attorney for the Southern District of New York.*

No appearance for plaintiff.

PECORA, J. In this action for separation, defendant has appeared specially and moved to set aside the service of the summons and complaint on the ground of diplomatic immunity. The United States Attorney for the Southern District of New York has presented a '' suggestion of immunity '' dated January 26, 1949, wherein it appears that the Department of State had requested the Attorney General to call attention of this court to the immunity from judicial process of the defendant in this action. The uncontrovertible facts here indicate that defendant is accredited to the United Nations as Ambassador Plenipotentiary and Permanent Representative of the Republic of China, and is in the United States as the permanent resident representative of the Government of China. Furthermore, the unqualified representation made by the Department of State as to defendant's immunity from suit would, in and of itself, prevent any further examination into the question by this court (*Matter of United States of Mexico* v. *Schmuck,* 294 N. Y. 265, on original argument 293 N. Y. 264).

Moreover, under the agreement between the United Nations and the United States regarding the status of representatives to the United Nations, which is embodied in Public Law 357 of the 80th Congress (1st Sess., 1947, ch. 482; 61 U. S. Stat. 756, 762), provision is made (§ 15) that every person designated as a principal resident representative to the United Nations shall be entitled to the same diplomatic immunity as is accorded to diplomatic envoys accredited to the United States.

Diplomatic immunity of an ambassador is based on international comity. (*The Exchange* v. *M'Faddon,* 7 Cranch [U. S.] 116; *Bergman* v. *De Sieyes,* 170 F. 2d 360 [C. C. A. 2d]; *Hannes* v. *Kingdom of Roumania Monopolies Inst.,* 260 App. Div. 189; *Curran* v. *City of New York,* 191 Misc. 229).

It is apparent that defendant both under the provisions of the statute (Public Law 357, above) and under case law, as a United Nations diplomat is immune from process in this court.

Plaintiff sought an adjournment here in order to obtain a waiver of such immunity from the Minister of Foreign Affairs of the Republic of China. Such waiver has not been forthcoming in the time allowed. The difficulty in obtaining such a waiver in the present condition of affairs in the Republic of

China is understandable. A question might arise if such waiver, even if obtained, could have retroactive effect so as to make the service here valid. But that question need not be decided since no such waiver has been presented.

The motion to vacate must be granted on the ground that defendant enjoyed diplomatic immunity at the time of service of process herein. Settle order.