LAURENCE FRAZIER, Doing Business as LAURENCE FRAZIER & Co., on Behalf of Himself and All Similarly Situated Former Holders of Bonds of Republic of Peru, Who Delivered Same in Exchange for External Sinking Fund Dollar Bonds of 1947 Issued by Republic of Peru, Plaintiff, *v.* HANOVER BANK, Defendant.

Supreme Court, Special Term, New York County, January 27, 1953.

*Copal Mintz* for plaintiff.

*Frank H. Heiss, Hancock Griffin, Jr.,* and *Samuel F. Howard, Jr.,* for defendant.

*Myles J. Lane, United States Attorney for the Southern District of New York (Vincent P. Rao* of counsel), in support of defendant's motion.

WALTER, J. According to plaintiff's allegations, plaintiff and others of a class on whose behalf he sues are entitled, by virtue of contracts with the Republic of Peru, to receive certain scrip certificates (promises by Peru to pay designated sums to the bearer thereof) which Peru has delivered to defendant with instructions to deliver them to persons other than plaintiff and the other members of such class; and in compliance with such instructions defendant is about to deliver such scrip certificates to such other persons.

Plaintiff accordingly has brought this action to enjoin defendant from diverting any of such certificates from plaintiff and his class, and to direct defendant to distribute such certificates solely to plaintiff and the members of his class; and has moved for an injunction *pendente lite* enjoining defendant from delivering such certificates to anyone other than plaintiff and the members of his class.

Defendant cross-moves to vacate the service of the summons and strike out the complaint upon the ground that defendant is not subject to the jurisdiction of the court because it is a mere agent of the Republic of Peru and the court has no jurisdiction over the subject matter of the action because the scrip certificates are the property of Peru and a granting of the relief sought would necessarily require the adjudication of a claim against Peru.

Defendant's motion is supported by a representation duly made to the court by the United States Attorney for the Southern District of New York (1) that the Peruvian Ambassador to the United States has brought this action to the attention of the Secretary of State of the United States and asserted that the determination thereof necessarily involves an adjudication of the validity of a claim against Peru and asked that the sovereign immunity of Peru from suit be upheld, and (2) that the Secretary of State of the United States has advised the Attorney General of the United States that the Department of State recognizes and allows the claim of immunity under international law made by the Ambassador of Peru and requested that appropriate steps be taken to acquaint this court with the complaint of the Peruvian Ambassador with the suggestion that Peru is immune from the jurisdiction of the court.

I take it for granted, of course, that the State Department has not gone outside the scope of its proper functions and attempted to determine that this particular action is in effect a suit against Peru, that its " recognition and allowance of the Peruvian Ambassador's claim of immunity " means no more

than that Peru is recognized by the State Department as a foreign sovereign which has and should be accorded such immunity from suit as a sovereign has under international law, and that there hence is still open for judicial determination the question whether or not this particular action actually does require an adjudication of a claim against a sovereign to such an extent and in such manner as to make it one in which the court cannot proceed without violating Peru's sovereign immunity (see *Lamont* v. *Travelers Ins. Co.*, 281 N. Y. 362, 373, 374; *Matter of United States of Mexico* v. *Schmuck*, 293 N. Y. 264, and *Ex parte Peru*, 318 U. S. 578).

Defendant is a domestic corporation doing business in New York and service of the summons upon it of course gives the court jurisdiction over its person. It is equally clear that the court has jurisdiction of the subject matter of the action. Technically and literally, therefore, the case is not one in which a special appearance is authorized by section 237-a of the Civil Practice Act; but a claim of sovereign immunity from suit is one to which the court must always give heed when made and I entertain no doubt that the procedure in this case is such as to require that I consider the claim upon its merits (*Ex Parte Peru*, 318 U. S. 578).

Defendant of course has no personal immunity of its own, and it of course cannot escape responsibility for its acts by asserting that it performs the acts at the direction of a foreign sovereign. Conversely, however, the fact that plaintiff names as sole party defendant an agent of Peru, instead of Peru itself, and is able to effect service of the summons upon that agent, does not enable plaintiff to obtain an adjudication of a claim against Peru in the face of Peru's assertion of its sovereign immunity.

In the end, therefore, the question is whether this action is in substance an action against Peru in the sense that it seeks an adjudication of a claim against Peru or involves specific property in which Peru claims an interest.

Plaintiff argues that whether the scrip certificates which Peru has delivered to defendant are delivered by defendant solely to members of the class of which plaintiff is one or are delivered by defendant to other holders of bonds of Peru, the amount of money which Peru ultimately will have to pay will be the same, and it can make no difference to Peru whether that amount of money is paid to A, B and C or to X, Y and Z, and hence Peru is not interested in or affected by this action. The argument is of doubtful validity. Its premise does not support

its conclusion, and I am not sure that its premise is true. But even if the argument be sound, the fact nevertheless remains that for reasons of its own Peru has decided that it desires that these scrip certificates shall be delivered to the holders of all its outstanding bonds, whereas plaintiff is seeking to compel their delivery to only a portion of such holders, or, conversely stated, is seeking to prevent their delivery to others than a portion of such holders, and, as the basis for such relief plaintiff asserts that Peru has bound itself by contract to make delivery to only that portion of such holders. It may be assumed that Peru denies that there is any such contract, but if it admit that there is such a contract, then the situation is that Peru feels that, contract or no contract, its own best interest demands that it handle its external debt in the way it has decided to handle it, rather than in the way the contract provides. It seems to me plain, therefore, that by this action plaintiff is seeking, first, to establish that Peru made the contract he claims and, then, to compel Peru, against its will, to abide by that contract; and that is precisely such an adjudication of a claim against a sovereign as sovereign immunity precludes (see *Gledhill* v. *Schiff*, 224 N. Y. 593; *Ezra* v. *Lamont*, 149 Misc. 912, affd. 241 App. Div. 805, affd. 265 N. Y. 635; *Lamont* v. *Travelers Ins. Co.*, 281 N. Y. 362; 294 N. Y. 827; *Gallopin* v. *Winsor*, 234 App. Div. 601; *Hewitt* v. *Speyer*, 250 F. 367; *New Mexico* v. *Lane*, 243 U. S. 52; *Louisiana* v. *Garfield*, 211 U. S. 70; *Oregon* v. *Hitchcock*, 202 U. S. 60; *Naganab* v. *Hitchcock*, 202 U. S. 473; *Morrison* v. *Work*, 266 U. S. 481; *Cummings* v. *Deutsche Bank*, 300 U. S. 115, and *Goldberg* v. *Daniels*, 231 U. S. 218).

Plaintiff further argues that the legal effect of the arrangements under which Peru has delivered the scrip certificates to defendant is to make defendant a trustee thereof for plaintiff and his class, rather than a mere paying agent of Peru. The argument seems to run counter to *Noyes* v. *First Nat. Bank* (224 N. Y. 542); *Erb* v. *Banco di Napoli* (243 N. Y. 45), and *Gledhill* v. *Schiff* (224 N. Y. 593); but the important point here is that the argument itself is a demonstration that what plaintiff is here trying to do is to obtain an adjudication that Peru has contracted in a certain way with respect to its property and then compel compliance with that contract. Such an adjudication could not be made without Peru's presence, and it is that presence which Peru's sovereign immunity prevents the court from obtaining.

Finally, plaintiff argues that Peru has waived its sovereign immunity and consented to being sued in New York because

a new bond which Peru is issuing as a part of and in connection with the general plan under which the scrip certificates here involved are being issued contains the statements: "This General Bond is being delivered in the City of New York, State of New York, and shall be governed by the laws of the State of New York in the construction thereof."

I think that is patently untenable. The provision quoted is not in any sense a consent to be sued or a waiver of immunity. Furthermore it is not contained in any instrument involved in this action or from which plaintiff derives any rights (see *Matter of United States of Mexico* v. *Schmuck*, 293 N. Y. 264, 268–269, *supra*).

Plaintiff's motion for an injunction *pendente lite* is denied. The cross motion to vacate the service of the summons and strike out the complaint is granted.