Samuel W. Eager, J.
This action is brought pursuant to section 943 of the Civil Practice Act in aid of a warrant of attachment which was issued against the property of the Union of Soviet Socialist Republics (hereinafter referred to as USSR) as defendant in an action brought by the plaintiff Weilamann upon an alleged note of the USSR. A levy was made under the warrant by the Sheriff of the City of New York on two certain bank accounts maintained with the Chase Manhattan Bank; one account being carried by the State Bank of the Union of Soviet Socialist Republics and-the other by the Bank for Foreign Trade of the Union of Soviet Socialist Republics.
This action now before the court is brought by the plaintiff Weilamann and the Sheriff of the City of New York against the *1087 Chase Manhattan Bank for judgment directing that the latter turn over to the Sheriff $95,074.68 from said two hank accounts to be received and held by him pursuant to the aforesaid warrant of attachment. The contention of the plaintiffs is that the moneys in the bank accounts in the names of the State Bank of the USSR and the Foreign Trade Bank of the USSR are property of the State itself, namely, the USSR, and it has been so established.
This action by the attaching creditor and the Sheriff is, however, resisted by the defendant Chase Manhattan Bank upon the ground that the jurisdiction of this court may not, or, in any event, should not, be exercised herein as against property of the USSR. The claim is that these bank accounts are immune from the process of this court. It is settled that, when questions are presented in a State court with respect to immunity of foreign sovereign powers and their property from the process of the court, they are not ordinarily to be determined by application of principles of local law. Such questions must be dealt with in view of furtherance of comity between nations and must be resolved in accordance with policies formulated by the United States Department of State for the working out of international relations. (See Hannes v. Kingdom of Roumania Monopolies Inst., 260 App. Div. 189.)
The guiding principle to be followed, in determining whether a court should exercise or surrender its jurisdiction over a foreign nation or its property, is that the courts should not so act as to embarrass the executive arm in its conduct of foreign affairs. (See United States v. Lee, 106 U. S. 196, 209; Ex Parte Republic of Peru, 318 U. S. 578; Republic of Mexico v. Hoffman, 324 U. S. 30, 35.) The policies of the Department of State with respect to immunity of foreign nations and their property from local litigation are supreme. By virtue thereof, litigation on a local level may be required to be suspended in favor of negotiation on a diplomatic level.
The plaintiffs point out that the USSR did not appear in the action in which the warrant of attachment was issued and has not therein or in this action directly pleaded a claim of immunity. The plaintiffs contend that a plea of sovereign immunity must be made by the government itself and that it may not be successfully made in its behalf by the defendant bank in this action. It does appear, however, that the USSR has made the claim, by way of and through the United States Department of State, that its property in these bank accounts is immune from seizure under the warrant of attachment. This was a proper procedure for the USSR to follow. (See Republic of Mexico v. *1088 Hoffman, supra; Ex Parte Republic of Peru, supra; Sullivan v. State of Sao Paulo, 36 F. Supp. 503, affd. 122 F. 2d 355.) The Department of State has recognized this claim of the USSR; and, through the United States Attorney for the Southern District of New York, has filed in this action a suggestion of interest of the United States to the effect that property of the USSR in the United States is immune ‘1 from execution or other action analogous to execution ” and ¡that, “ this court should proceed forthwith to release any property of the State of the Union of Soviet Socialist Republics hitherto attached in this proceeding and to deny any pending motion for execution or action analogous to execution.”
Now, as indicated above, it is clear that this court may not assume jurisdiction over a foreign country or its property in any manner antagonistic to the policies of the United States. Consequently, it is held that this court must honor and give full effect to the position taken in that connection by the Department of State of the United States as set forth in the suggestion of interest filed in this action at its instance. (See Ex Parte Peru, 318 U. S. 578, 588; Matter of United States of Mexico v. Schmuck, 293 N. Y. 264, 294 N. Y.
It is true that the suggestion of interest indicating the position of the Department of State would not deprive this court of determining any question left open by such department for decision by this court. (See United States of Mexico v. Schmuch, 294 N. Y. 265, 273, 274.) In this connection, the plaintiffs contend that the Department of State has heretofore recognized a distinction between ‘ ‘ immunity from jurisdiction ’ ’ and ‘ ‘ immunity from execution ’ ’; that, consequently, it has been its position not to extend the doctrine of immunity so as to bar an attachment of property of a foreign nation for purpose of obtaining jurisdiction, but that its policy was merely directed to opposing the execution of a judgment against the property of a foreign nation. In this connection, the plaintiffs point out that the suggestion of interest filed herein is stated to be based upon a position of the State Department that the property of the USSR should be “immune from execution or other action analogous to execution”. Thus, the plaintiffs argue that this court should retain jurisdiction to determine whether or not this action is to be regarded as a proceeding looking toward the execution of a judgment in favor of the plaintiff Weilamann. In this connection, the plaintiffs contend that this action, being one in aid of an attachment, is merely a step in the court toward the perfecting of the attachment for the purpose of vesting the court with jurisdiction, and, therefore, may not be said to constitute *1089 action looking toward the execution of a judgment against the USSR.
Now, it does appear that the former action of the plaintiff Weilamann against the USSR, on default of appearance of the latter, has proceeded to judgment in plaintiff’s favor for the sum of $77,154.66. Under these circumstances, a recovery by the said plaintiff and the Sheriff in the action now brought by them in aid of the attachment would result in the application of the funds from the attached bank accounts to the satisfaction of the judgment. (See Civ. Prac. Act, § 943; § 922, subd. 3.) Thus, the proceeding with this action here is, in effect, the taking of action for the purpose of the execution of a judgment.
In any event, it is clear that we should not be concerned here with classifying this particular action for the purpose of determining whether or not, technically speaking, under the law of this State, it is in the nature of “ action analogous to execution on the property ” of the USSR. We are to be concerned solely with the position which is taken by the State Department; and its position with respect to the immunity of the particular bank accounts must be honored by this court. The court may not proceed contrary thereto in this or any similar case and thereby jeopardize international relations. Here, the State Department’s position, as indicated by the suggestion of interest and the letter of March 9, 1959, is clearly to the effect that this court should deny to plaintiffs the relief sought in this action.
The complaint is dismissed, without costs. Settle judgment on notice.