EDWIN B. WOLCHOK, as Receiver of ZIVNOSTENSKA BANK, NATIONAL CORPORATION, Appellant, *v.* STATNI BANKA CESKOSLOVENSKA, Also Known as STATE BANK OF CZECHOSLOVAKIA, etc., et al., Respondent.

First Department, December 12, 1961.

*Sigmund Timberg* of counsel (*Alexander Slater* and *Abraham Wolf,* attorneys), for appellant.

*Lemuel Skidmore* of counsel (*Howard F. Ordman* with him on the brief; *Putney, Twombly, Hall & Skidmore,* attorneys), for respondent.

McNALLY, J.  Plaintiff-appellant Edwin B. Wolchok is the receiver appointed by the court in the case of *Stephen* v. *Zivnostenska Banka* (15 A D 2d 111), decided herewith.  Defendant-respondent Statni Banka Ceskoslovenska is the statutory successor of the defendant in the Zivnostenska action under Czechoslovakia Law No. 31 of March 9, 1950.  The securities involved in this action are subject to restraining orders issued by the court in *Stephen* v. *Zivnostenska Banka.*

The receiver was appointed to take, receive and reduce to possession the assets of defendants.  On May 12, 1952 an order was made for the examination of several banks and a stock brokerage firm and restraining them from disposing of moneys and securities in the name of Zivnostenska Banka or its successor Statni.  On May 21, 1952 the court entered an order limiting the restraining provisions of the order of May 12, 1952 to the moneys and securities in the name of Zivnostenska and Statni as of May 13, 1952.  Subsequently a court-appointed Referee

tried issues referred to him in the *Zivnostenska* action and that decision passed through our courts (31 Misc 2d 10, affd. 2 A D 2d 958, affd. 3 N Y 2d 862). Finally, defendant's appeal to the United States Supreme Court was dismissed for want of a substantial Federal question (356 U. S. 22). After the United States Supreme Court decision the receiver instituted this action on March 24, 1959 in aid of the receivership to collect assets belonging to Zivnostenska. On March 26, 1959 the receivership in the *Zivnostenska* action was extended to this action.

Asserting sovereign immunity the defendant Statni moved to dismiss the complaint and to vacate the restraining order insofar as it affected property allegedly of the Republic of Czechoslovakia. The court below granted said defendant's motion to vacate and set aside service of the summons, dismissed the action and directed the release and discharge of said property from the restraints imposed by prior orders of the court.

For the reasons stated in *Stephen* v. *Zivnostenska Banka,* decided herewith, the order entered March 16, 1961 should be modified, on the law and on the facts, without costs, and that portion thereof which directs the release and discharge of property in the names of Zivnostenska Banka and Statni from the restraints imposed by prior orders of the court should be reversed and vacated; the order, as so modified, should be otherwise affirmed.

The Government of the United States has suggested immunity and thus allowed the claim of the Government of Czechoslovakia to the effect that the respondent is immune from suit, a political determination which binds the courts of this State and has the effect of withdrawing the cause from the sphere of litigation. (*Ex parte Peru,* 318 U. S. 578; *Compania Espanola* v. *Navemar,* 303 U. S. 68; *Oetjen* v. *Central Leather Co.,* 246 U. S. 297, 302; *Matter of United States of Mexico* v. *Schmuck,* 293 N. Y. 264.)

RABIN, J. P., EAGER and STEUER, JJ., concur; STEVENS, J., dissents and votes to affirm.

Order entered on March 16, 1961 modified, on the law and on the facts, and that portion thereof which directs the release and discharge of property in the names of Zivnostenska Banka and Statni from the restraints imposed by prior orders of the court is reversed and vacated and as so modified affirmed, without costs.