Robert J. Trainor, J.
Petitioner, City of New Rochelle, has instituted a proceeding pursuant to title 3 of article 11 of the *774 Real Property Tax Law to foreclose certain tax liens on three separate parcels of real property owned, respectively, by the Republics of Ghana, Indonesia and Liberia. The parcels are devoted by these sovereign countries to_ the purposes of maintaining quarters for their principal resident representatives to the United Nations, with the ranks of Ambassador.
The sovereign Nations involved have not appeared generally, but each has separately moved to dismiss the proceeding on the ground that this court has no jurisdiction over it or over the real property in issue. This court is of the opinion that it has jurisdiction of the real property at issue and the question it is considering is whether it will exercise its jurisdiction in these particular proceedings under all of the circumstances.
The validity of the assessment and levy of taxes on these properties is not disputed. What is denied is the city’s power to enforce them by in rem foreclosure proceedings.
All three of the foreign governments involved maintain, first, that United States courts (State or Federal) have no jurisdiction to entertain a proceeding to foreclose a lien on real property owned by a foreign government and used exclusively for diplomatic purposes and, .second, that where the executive branch of the United States Government has recognized a claim of immunity, the courts, uniformly will respect the claim and will refuse to entertain jurisdiction. The second point urged would .seem to admit that jurisdiction exists but that it should not be exercised, and this seems to be implicit in Justice Eager’s language in Weilamann v. Chase Manhattan Bank (21 Misc 2d 1086, 1087) where he said: “The guiding principle to be followed, in determining whether a court should exercise or surrender its jurisdiction over a foreign nation or its property, is that the courts should not so act as to embarrass the executive arm in its conduct of foreign affairs.” (Emphasis supplied.)
The United States of America has moved, by the United States Attorney for the Southern District of New York, for leave to intervene in these three proceedings or, alternatively, to appear therein amicus curice and, thereupon, for summary judgment dismissing the proceedings. The motion is granted to the extent that the United States is recognized amicus curice and its submitted memorandum of law has been considered.
This court finds that the overwhelming weight of opinion holds that jurisdiction over proceedings .such as these should not be exercised. (Matter of United States of Mexico v. Schmuck, 293 N. Y. 264; Knocklong Corp. v. Kingdom of Afghanistan, 6 Misc 2d 700; Lamont v. Travelers Ins. Co., 281 N. Y. 362 and cases therein cited; Weilamann v. Chase Man *775 hattan Bank, supra; Republic of Finland v. Town of Pelham, N. Y. L. J., April 29, 1964, p. 21, col. 5.)
However, it might not be ami&s to wonder if the State Department realizes that our guests at the United Nations could virtually ruin some of our finest villages which are so conveniently located to the United Nations headquarters ? If the Ambassadors from 50 or more Nations should decide to squat “ tax free ” in the highest assessables (they take over nothing but the best) in the same small village, the taxes of the remainder of the inhabitants would be so high that they would not be able to afford the “ honor ” of having them.
The tongue of the United States Attorney must have been jamming his cheek when he wrote in his memorandum of law: “ Rather, the City of New Rochelle must recover its taxes through diplomatic channels or, alternatively, these taxes could remain as an inchoate lien on the properties to be recovered when and if the foreign governments sell the properties.” As to the latter alternative, the court is sure that the City of New Rochelle would be keenly interested in learning the identity of any persons who would be willing to purchase real property subject to the lien of many years’ taxes and, as to the first suggested method of collection, how it can be accomplished?
In view of the unquestionable weight of authority the court, most reluctantly, grants the motions of Republic of Ghana, Republic of Liberia and Republic of Indonesia, and dismisses the tax lien foreclosure actions against their respective real properties.