Joseph A. Brust, J.
Plaintiff moves for partial summary judgment on its first cause of action insofar as it relates to taxes paid on and after October 19, 1961 and for summary judgment on the second cause and for an order striking out the fourth, fifth and sixth defenses as insufficient in law. Defendants request summary judgment dismissing the complaint.
*797 Plaintiff acquired the subject property on May 15, 1947. It is conceded that the property is used exclusively by plaintiff’s Consul General and the Aeronautical Mission save that for a period of time a portion of the premises was devoted to the use of plaintiff’s United Nations Mission in the diplomatic service as distinguished from consular affairs.
In the first cause it is alleged that there was payment of taxes assessed and imposed on the realty through the first half of the year 1965-1966. Recovery thereof is sought. By the second cause plaintiff seeks judgment declaring the property exempt from realty tax and directing removal of existing unpaid tax liens.
A first defense alleges that on the taxable status date for the tax year 1947AL948 plaintiff was not the owner of the property and the nonexempt status continued through that year. A second defense alleges that plaintiff entered into an agreement, voluntarily, in consideration of an allowance of partial exemption and made payment of an agreed sum for the taxes due for the tax years 1948-1949 through 1959-1960. A third defense alleges that recovery of taxes paid for the tax years 1947-1948 through 1959-1960 is time-barred by the six-year Statute of Limitation. A fourth defense alleges that no demand was presented to the Comptroller for the relief requested with respect to tax years 1960-1961 and 1965-1966. A fifth defense alleges that all payments of taxes including that payment made pursuant to the mentioned settlement were voluntary. A sixth defense alleges that the property was not entitled to the exemption for any of the years involved.
Plaintiff made payment of the taxes for the year 1947-1948 on September 3, 1947. Subsequently, partial exemption was granted in relation to the United Nations Mission, and interest on taxes imposed was waived, and settlement was reached as to the years 1948-1949 through 1959-1960 in a sum which was paid on September 1,1960.
By letter of December 3, 1951 of the Acting Legal Adviser to the then Acting Secretary of State, to the New York City Corporation Counsel, it was stated:
“ The Embassy of France informs the Department of State that the premises at 934 5th Avenue, New York City, are owned by the Republic of France in its sovereign capacity and utilized as an office of the Cultural (Counselor of the Embassy of France. It would thus appear that the premises are being used for official purposes.
‘1 There is not in existence any treaty or agreement between the United States and the Republic of France which grants the *798 Republic of France the right to acquire and hold real estate in the United States.
“ In the absence of a treaty or agreement the question whether governments recognized by the United States may acquire and hold real estate in the United States depends upon whether local law permits such acquisition and holding.
“ In- recent years the United States has acquired and now holds a large number of parcels of real estate in foreign countries for which the Department of State has sought tax exemption. In many instances foreign Governments have granted such exemptions from real estate taxation under the comity of international law and on a reciprocal basis. Under these circumstances, if the City of New York shall rule that the property of the Republic of France at 934 5th Avenue, New York City, shall be granted immunity from taxation the Department of State would appreciate being advised of such ruling. ’ ’
In a later and similar letter bearing undecipherable date, it was stated: “ While this Government does not normally object to the performance of certain diplomatic functions at places other than the seat of the Government, where the embassy is located, it does not consider there is any obligation to treat the premises where the offices are located as embassy property for purposes of tax exemptions. In the absence of a treaty or other international agreement, the tax status of property in New York owned by a foreign government and used for diplomatic or consular purposes would seem to be a question to be determined under applicable New York law. There is no treaty or other agreement in effect between the United States and France which contains provisions according tax exemptions to property owned by one government in the territory of the other which is used for these purposes.”
Plaintiff has no treaty with the United States in respect of Ibis subject. This action does not involve a suit against a foreign country or attachment or seizure of its property or treaty-exempted property. As indicated by the expressions of the State Department, assessment of tax is not an interference with the use of property of a sovereign and this suit does not affect protected or immune property.
The privilege of immunity is extended to the property of the Ambassador and of his government. The exemption is not extended beyond that. A different problem arises upon attempt to enforce the tax lien.
With respect to the first tax year involved in the period- covered in the first cause of action, title to the property when the assessment was laid was not in plaintiff and that tax status *799 remained during the period of that year. With respect to the settlement payment made on September 1, 1960 and subsequent payments, it does appear that protest was made as to each payment. It also appears, however, that the problem in each case was the matter of status, in respect of which there was no legal duress, fraud or overreaching.
The second cause of action is not a review of power exercised and not a proceeding requiring service of a demand and allegation that 30 days have elapsed without action. The second cause asserts that claimed power to tax is nonexistent and procedural requirements for suit against defendants do not apply. The first cause seeking return of money paid requires demand and there is no allegation of demand presented to the 'Comptroller. In addition, the first cause is subject to the six-year statute affecting the demand for return of moneys paid.
There is no impediment to the assessment and imposition of real estate tax liens (see Matter of City of New Rochelle v. Republic of Ghana, 44 Misc 2d 773). If the liens may stand, those liens extinguished by payment may not be regarded as having been produced by legal duress and those payments made more than six years prior to commencement of suit are not recoverable in any event.
The motion is denied and summary judgment dismissing the complaint is awarded to the defendants.