OPINION OF THE COURT
Myriam J. Altman, J.
The issue on this motion is whether the filing of a suggestion of immunity by the United States Attorney immunizes defendant Paloma Cordero de De la Madrid, the wife of the President of the United Mexican States (Mexico), from suit in this State. If it does, the complaint must be dismissed against her.
*788 Under general principles of international law, heads of State and immediate members of their families are immune from suit. The United States follows that rule and implements it by the filing of a suggestion of immunity (Matter of Frazil Pasha, The Times [London], Basil Ct [1868], reprinted in 7 Brit Dig of Intl Law, 113-116 [1965]; Oppenheim, International Law §§ 348, 349 [8th ed 1955]).
There is no prescribed statutory procedure for such filing. The process is typically initiated by a request to the Department of State (State Department) from a foreign government whose head of State or immediate family member has been sued in this country, that the United States file a suggestion of immunity in the appropriate court. After weighing the relevant factors and determining that immunity is appropriate (Mallory, Resolving the Confusion Over Head of State Immunity: The Defined Rights of Kings, 86 Colum L Rev 169 [1986]; see also, Gerritsen v De La Madrid Hurtado, 819 F2d 1511), the legal advisor to the State Department forwards a letter request to the Department of Justice (Justice) that a suggestion of immunity be filed by the appropriate United States Attorney in the court where the case is pending.
Courts are bound by suggestions of immunity submitted by the executive branch because they are a "conclusive determination by the political arm of the Government” (Ex Parte Peru, 318 US 578, 589; Mexico v Hoffman, 324 US 30; see also, Matter of United States of Mexico v Schmuck, 293 NY 264, rearg granted 293 NY 768, original determination adhered to 294 NY 265). Since the judiciary "must be sensitive to the overriding necessity that courts not interfere with the executive’s proper handling of foreign affairs” (Spacil v Crowe, 489 F2d 614, 616), logic mandates that courts be bound by the State Department’s recommendation. Thus, upon a filing of a suggestion of immunity, it becomes the "court’s duty” to surrender jurisdiction (Ex Parte Peru, supra, at 588; Mexico v Hoffman, supra, at 35).
In this case, plaintiff alleges, inter alia, that she was wrongfully arrested and expelled from Mexico without warrant of arrest or extradition by individuals in the employ of Mrs. De la Madrid and Manuel Bartlett Diaz, Secretary of Government of Mexico.* The case, initially commenced here, was removed *789 to the Federal court. In that court, the complaint was dismissed as against Mr. Diaz on the ground that he was acting in his official capacity as Secretary of Government and was, therefore, immune from suit pursuant to the Foreign Sovereign Immunities Act (FSIA) (28 USC § 1602 et seq.). The protection of the FSIA did not extend to Mrs. De la Madrid because she held no official position within the government. The Judge suggested that the head of State doctrine might provide Mrs. De la Madrid immunity from suit, but did not rule on that issue as the Federal court no longer had subject matter jurisdiction. The case was then remanded to this court.
On February 10, 1988, the Mexican government requested by diplomatic note that the State Department file a suggestion of immunity for Mrs. De la Madrid which it did through the United States Attorney for the Southern District of New York (U. S. Attorney). Having filed a suggestion of immunity with this court, the U. S. Attorney now moves to dismiss the action against Mrs. De la Madrid.
Plaintiff opposes this motion on the ground that the FSIA, enacted in 1976, gives a court discretion to reject the determination made by the State Department. Congress enacted the FSIA to make the question of sovereign immunity of foreign States a justiciable controversy, thereby freeing the executive branch from the diplomatic pressures involved in determining requests of foreign States for immunity (Verlindin B.V. v Central Bank of Nigeria, 461 US 480). The FSIA gives the courts jurisdiction in certain circumstances over claims of United States’ citizens against foreign States as defined in the Act. Section 1603 (a) of the FSIA defines a foreign State as a "political subdivision of a foreign state or an agency or instrumentality of a foreign state”. The FSIA made no change, however, in the State Department’s power to suggest immunity for foreign heads of State or their families (Gerritsen v De La Madrid Hurtado, 819 F2d 1511, supra). This court, therefore, continues to be bound by a suggestion of immunity filed by the executive branch (Estate of Domingo v Marcos, US Dist Ct, WD Wash, July 14, 1983, Voorhees, J.).
Accordingly, the motion is granted and the complaint against Mrs. De la Madrid is dismissed.

 Plaintiff makes additional claims, not relevant on this motion, against the remaining defendants arising out of a commercial transaction for the supply of steel pipes to the Mexican State Oil Co.