7 ANONYMOUS, Appellant, v ANONYMOUS, Respondent.—Order, Supreme Court, New York County (Walter M. Schackman, J.), entered July 5, 1990, which granted defendant's motion to dismiss the complaint, unanimously affirmed, without costs.

We agree with the IAS court that it was bound by the

Suggestion of Immunity issued by the Department of State on behalf of defendant, a "Head of State" at the time of the commencement of this action. Thus, he is entitled to immunity in this matrimonial action.

It is well settled that a Suggestion of Immunity submitted by the Executive Branch is a "conclusive determination by the political arm of the Government" *(Ex Parte Peru,* 318 US 578, 589; *Mexico v Hoffman,* 324 US 30) that is binding upon the courts in deference to the "overriding necessity that [they] not interfere with the executive's proper handling of foreign affairs" *(Spacil v Crowe,* 489 F2d 614, 616). Thus, upon the filing of a Suggestion of Immunity, it becomes the " 'court's duty' " to surrender jurisdiction *(Kline v Kaneko,* 141 Misc 2d 787, 788, *affd sub nom. Kline v Cordero De La Madrid,* 154 AD2d 959). We also agree with the IAS court that there is no merit to plaintiff's contention that courts are not bound by a Suggestion of Immunity issued on behalf of a Head of State where the action against him arises out of purely personal circumstances, such as the instant matrimonial action *(Carrera v Carrera,* 174 F2d 496; *Cocron v Cocron,* 84 Misc 2d 335; *Nyok Zoe Dung Tsiang v Tingfu F. Tsiang,* 194 Misc 259).

Finally, we reject plaintiff's contention that defendant waived his right to assert the immunity defense by defaulting in answering the complaint. Defendant preserved his jurisdictional defense in affidavits in which his attorney stated that he was making a "special appearance" to challenge jurisdiction.

We have reviewed the plaintiff's remaining claims and find them to be without merit. Concur—Murphy, P. J., Sullivan, Rosenberger and Kassal, JJ.