In the Matter of the UNITED STATES OF MEXICO et al., Respondents, against PETER SCHMÜCK, a Justice of the Supreme Court of the State of New York, et al., Appellants.

Reargued April 3, 1945; decided May 24, 1945.

*Jerome S. Hess, Irving I. Goldsmith, Frank Rashap* and *Monroe Collenburg* for respondents. I. A sovereign by consenting to be sued in a foreign court is not held to have also consented to the seizure of its property by the foreign court. (*Lamont* v. *Travelers Ins. Co.,* 281 N. Y. 362; *Ex Parte Peru,* 318 U. S. 578; *Fields* v. *Predionica i Tkanica,* 265 App. Div. 132, 290 N. Y. 740; *Hassard* v. *United States of Mexico,* 29 Misc. 511, 46 App. Div. 623, 173 N. Y. 645; *Dexter & Carpenter* v. *Kunglig Jarnvagsstyrelsen,* 43 F. 2d 705; *Oliver American T. Co.* v. *Government of the U. S. of Mexico,* 5 F. 2d 659; *Kingdom of Roumania* v. *Guaranty Trust Co.,* 250 F. 341; *Auer* v. *Costa et al.,* 23 F. Supp. 22; *Matter of Suarez* [1917], 2 Ch. 131; *Matter of Suarez* [1918], 1 Ch. 176; *Mighell* v. *Sultan of Johore,* 1 Q. B. 149; *Duff Development Company* v. *Government of Kelantan* [1924], A. C. 797.) II. The levy upon and seizure of Mexican Government national property as the basis for obtaining jurisdiction over Petroleos Mexicanos being invalid, the service of the summons by publication predicated upon the seizure of such inviolate property is fatally defective and no jurisdiction has been obtained over Petroleos Mexicanos. (*Lamont* v. *Travelers Ins. Co.,* 281 N. Y. 362; *Dexter and Carpenter, Inc.,* v. *Kunglig Jarnvagsstyrelsen,* 43 F. 2d 705; *Mason* v. *Inter-Colonial Railway Co.,* 197 Mass. 349; *Matter of Suarez* [1917], 2 Ch. 131; *Anderson* v. *N. V. Transandine Handelmaatschappij,* 289 N. Y. 9; *Schram* v. *Keane,* 279 N. Y. 227; *Sturcke* v. *Link,* 176 Misc. 93; *Geary* v. *Geary,* 272 N. Y. 390; *Jackson* v. *Jackson,* 290 N. Y. 512; *Guffey* v. *Grand Trunk Railway Co.,* 67 Misc. 553; *Pennoyer* v. *Neff,* 95 U. S. 714.) III. Orders of prohibition may be used to restrain courts which are exceeding their jurisdiction as well as to restrain those which have no jurisdiction whatever. (*Thomson* v. *Tracy et al.,* 60 N. Y. 31; *People ex rel. Newton* v. *Special Term, Part 1,* 193 App. Div. 463; *People ex rel. Nassoit* v. *Young,* 195 App. Div. 513; *Quimbo Appo* v. *The People,* 20 N. Y. 531; *Compania Espanola Navemar,* 303 U. S. 68; *Lamont* v. *Travelers Ins. Co.,* 281 N. Y. 362.) IV. The Supreme Court has no jurisdiction in the action before it to decide any issue of law or of fact.

The sole basis of any jurisdiction over the defendant in that suit was and is the seizure of property which is immune from attachment. (*Thomson* v. *Tracy* et al., 60 N. Y. 31; *Lamont* v. *Travelers Ins. Co.*, 281 N. Y. 362; *Fields* v. *Predionica i Tkanica*, 265 App. Div. 132; *Hassard* v. *United States of Mexico*, 29 Misc. 511, 46 App. Div. 623, 173 N. Y. 645; *Dexter & Carpenter* v. *Kunglig Jarnvagsstyrelsen*, 43 F. 2d 705; *Matter of Suarez* [1907], 2 Ch. 131; *Matter of Baltimore Mail SS Co.* v. *Fawcett*, 269 N. Y. 379; *Ex parte Peru*, 318 U. S. 578; *Ex parte United States*, 319 U. S. 730; *United States* v. *Caffey*, 141 F. 2d 69; *Matter of Culver Contrg. Corp.* v. *Humphrey*, 268 N. Y. 26.) V. The exercise of jurisdiction by the courts of this State over national property of the Mexican Government is inconsistent with the sovereignty of Mexico and the attachment herein should be vacated by this court.

*Joseph C. Slaughter, Arthur B. Hyman* and *Morris Katz* for appellants. I. The Court of Appeals having held that Special Term has jurisdiction of this action, the order of the Appellate Division should have been reversed. The court was without authority to sustain it in part. II. The writ of prohibition should never be used as a substitute for appeal. (*People ex rel. Livingston* v. *Wyatt*, 186 N. Y. 383; *Hannes* v. *Kingdom of Roumania Monopolies Institute*, 260 App. Div. 189.)

LEHMAN, Ch. J. Upon its complaint alleging that the defendant Petroleos Mexicanos is " an entity created under and by virtue of the laws of the Republic of Mexico ", Associated Metals and Minerals Corporation obtained an order of attachment and the Sheriff of New York County made a levy thereunder on moneys or property belonging to Petroleos Mexicanos. Property upon which a levy is made pursuant to process of a court issued according to law is in the custody of the law and the court has jurisdiction over such property. So long as it remains in its custody, the court can render a judgment which will subject that property to the demand of the plaintiff in the action in which the attachment was issued. (*Cooper* v. *Reynolds*, 77. U. S. 308.)

After the levy, United States of Mexico and Petroleos Mexicanos appeared specially in the action and moved for an order dismissing the action and vacating the warrant of attachment

on the ground that Petroleos Mexicanos is an agent and instrumentality of the Mexican Government and property and moneys standing in the name of Petroleos Mexicanos belong to the Mexican Government in its sovereign capacity and are not subject to the jurisdiction or judgment of the court. The court, upon that motion, was officially advised that United States of Mexico had informed the Secretary of State that moneys standing in the name of Petroleos Mexicanos had been seized under a warrant of attachment in the pending action, and that Petroleos Mexicanos is an " agent and instrumentality of the Mexican Government created, organized and existing for the sovereign and governmental purposes " of that government. A letter from the State Department of the United States, signed by the Secretary of State and submitted to the court by direction of the Attorney-General, states that " the Department accepts as true the statements  *  *  *  to the effect that ' Petroleos Mexicanos ' is a public Agency or instrumentality of the Sovereign State of Mexico " and the Department *" in the absence of evidence*  *  *  *  in the present instance " of consent to be sued by the sovereign foreign State " recognizes and allows the claim of the Government of Mexico that ' Petroleos Mexicanos ' is immune from suit and its property from attachment." In spite of the official suggestion, based upon that letter and submitted to the court, that " the claim of immunity made on behalf of said Petroleos Mexicanos and recognized and allowed by the State Department be given full force and effect by this Court; that the said Petroleos Mexicanos and its property be declared immune from the jurisdiction and process of this court ", the court, upon the motion to dismiss, referred four " questions of fact arising out of the papers submitted on this motion " to a referee, " to try such questions of fact and to report his findings to this court for its further action ". The referee has not yet tried such questions and the *motion of United States of Mexico for an order dismissing the action brought against Petroleos Mexicanos and vacating the warrant of attachment has not been decided* because, after the order of reference was made, the Appellate Division, upon the application of United States of Mexico, made an order prohibiting the judges and officers of the Supreme Court of the State from taking any further steps

and proceedings in the action brought against Petroleos Mexicanos and from enforcing any order or decision in such action.

The first three " questions of fact " formulated in the order of reference relate to the claim of United States of Mexico that Petroleos Mexicanos is a public agency of the sovereign State of United States of Mexico and that as such it is immune from suit and its property from attachment. Upon certification to the court that the claim of sovereign immunity was recognized and allowed by the Department of State, it became the duty of the judicial department of the government to follow the action of the political branch and to decline an antagonistic jurisdiction to determine independently the claim of immunity. A sovereign State cannot be required to sustain in court a claim, which has been allowed by the Department of State, that it is immune from suit and that property which has been attached belongs to it and is not subject to attachment. Accordingly, upon the argument of this appeal we agreed with the decision of the Appellate Division prohibiting the referee and the court from hearing or deciding any question relating to the claim of United States of Mexico to immunity, so far as that claim had been recognized and allowed by the Department of State. But since the Department had recognized the claim of immunity of United States of Mexico only in " the absence of evidence * * * in this instance " of consent to be sued, we held that the courts were bound to pass upon the effect of evidence which might be offered on that point, and we modified the order of the Appellate Division insofar as it prohibited judicial consideration and determination of that question. (*Matter of United States of Mexico* v. *Schmuck*, 293 N. Y. 264.)

After that decision was rendered we granted an application of United States of Mexico for a reargument (293 N. Y. 768). Jurisdiction of the person of a nonresident defendant is not obtained by attachment of the defendant's property, and United States of Mexico now urges that, even assuming arguendo that the court might find that United States of Mexico had consented that its agency Petroleos Mexicanos be sued in the courts of New York, consent of a foreign sovereign to be sued is not to be construed as a waiver of immunity of the property of the sovereign from attachment; and that therefore,

by the levy upon such property under a warrant of attachment, the court did not in this case acquire jurisdiction of the property or the person of the defendant.

That argument may be appropriately presented upon the application made by United States of Mexico to dismiss the action and to vacate the warrant of attachment and the levy thereunder. Now we are reviewing an order which prohibits the judges and officers of the Supreme Court of the State from taking any further steps or proceedings in the action. Pending decision by the Supreme Court of the application made to it to dismiss the action, it does not appear that any " steps or proceedings " are contemplated by that court other than to try and determine issues which, in the opinion of that court, have been raised by the papers submitted to it upon that application; and the only question which we may consider and decide, upon this appeal, is whether the Supreme Court may pass upon such issues. Denial to the court of jurisdiction to determine the issues of fact or law involved in the application made by United States of Mexico to vacate the process of the court and to dismiss the action which the plaintiff has commenced, or has attempted to commence, by seizure of property of the defendant, is in effect a denial to the court of jurisdiction to decide that application. Whether a court by service of process has acquired jurisdiction of the person of a defendant is a judicial question to be decided by the court in which a challenge of its jurisdiction is made. So, too, the question whether a court shall decline jurisdiction must be decided, at least in the first instance, by the court whose judicial powers have been invoked, and ordinarily every issue of fact or of law must be decided in that court.

Though a court may have jurisdiction to determine every issue of fact or of law involved in litigation brought to it, yet the court, in the exercise of such jurisdiction, must follow established rules of law and of procedure. Some issues of fact or law may have been conclusively determined by prior decision of a judicial tribunal. Then the court will not again try these issues, but must base its decision upon such conclusive determination of some or all of these issues. Even then, however, it weighs the scope and effect of the prior determination, and if other issues remain it must determine those issues. The court

may err in the exercise of its judicial functions but ordinarily it cannot by order in the nature of mandamus or of prohibition be commanded or advised in advance to exercise such functions in a prescribed manner.

An extraordinary situation calling for extraordinary remedy may be presented, however, when a court assumes to try issues which are beyond its competency or to exercise a jurisdiction which, in accordance with well-established rules of policy which have the force of law, it should decline to exercise. (*Ex Parte Peru*, 318 U. S. 578; *Matter of Baltimore Mail S. S. Co.* v. *Fawcett*, 269 N. Y. 379.) Judicial inquiry may be precluded of claims of immunity previously determined by a competent political branch of the Government upon the request of a foreign sovereign State. In such cases, as the courts have frequently pointed out, the courts " follow the action of the political branch, and will not embarrass the latter by assuming an antagonistic jurisdiction." (*United States* v. *Lee*, 106 U. S. 196, 209.) Then judges who assume a jurisdiction which may embarrass the Department of State in the conduct of foreign relations may be commanded to relinquish jurisdiction upon the request or suggestion of the political branch of the Government.

Nonetheless, a party may not be refused access to the courts for the determination of judicial questions except insofar as the claim of the foreign sovereign has been recognized and allowed by the Department of State and the court has been so advised. " In the absence of recognition of the claimed immunity by the political branch of the government, the courts may decide for themselves whether all the requisites of immunity exist. * * * recognition by the courts of an immunity upon principles which the political department of government has not sanctioned may be equally embarrassing to it in securing the protection of our national interests and their recognition by other nations." (*Mexico* v. *Hoffman*, 324 U. S. 30, 34, 36.) We followed that principle in our decision upon the original argument (293 N. Y. 264). We construed the communication of the Department of State as intended to leave open for judicial determination whether in this case the evidence shows that the United States of Mexico through its agent con-

sented to be sued; and when that question is determined, the Supreme Court still has jurisdiction to decide whether the warrant of attachment should be vacated and the action should be dismissed. We see no reason to change that decision.

We emphasize here that in holding that the court has jurisdiction to decide whether the warrant of attachment should be vacated and the action dismissed, we are not impliedly suggesting that in our opinion there is substance to the claim of the plaintiff that there has been any consent to be sued by the defendant or any waiver of its claimed right of immunity of its property from seizure. We hold only that these are judicial questions which must be decided in the court where they have been presented, even if upon examination of these questions it should appear plainly, and as matter of law, that the claim of immunity of United States of Mexico is sound and that the action should be dismissed. It would be anomalous if the Supreme Court of this State should, upon the application of United States of Mexico, be prohibited from determining the issues of fact or of law presented upon the motion to dismiss which United States of Mexico has itself made in that court, except insofar as questions there involved have been authoritatively decided by the Department of State.

Without attempting in this opinion to analyze in detail the relevant decisions of the Supreme Court of the United States and of this court, we state our conclusion that these decisions establish the following general principles. The question whether a court has acquired jurisdiction over the person of a defendant or the subject matter of an action, and the question whether a court should relinquish jurisdiction, are judicial questions which ordinarily must be decided by the court whose jurisdiction is challenged. Where such challenge is made by a foreign sovereign State claiming for itself and its property immunity from process of the court, the court must relinquish a jurisdiction based upon service of such process when it appears that the claim of immunity has been recognized and allowed by a competent political branch of the government, and a " suggestion " has been properly presented to the court that the judicial branch of government should follow the action of the political branch; but the judicial branch, even in such case, retains jurisdiction to determine any question left open by the political

branch of our government for decision by the judicial branch. Applying these general principles, we find that, in this case, though the Supreme Court of the State must relinquish its jurisdiction to determine those questions which have been authoritatively determined by the Department of State, the court still retains a jurisdiction limited to the determination of the question, left open by the Department of State, whether the sovereign State of Mexico has consented that its agency Petroleos Mexicanos may be sued in this State and by such consent has made its property subject to process of the courts of this State. The court cannot be prohibited from exercising that limited jurisdiction. We repeat that the arguments made by the United States of Mexico in support of its application may be appropriately made when the Supreme Court exercises its jurisdiction. We may not consider them now.

The plaintiffs upon the reargument attack the decision of this court upon the original argument on the ground, among others, that in proceedings brought under article 78 of the Civil Practice Act a court may not issue an order of prohibition limited to particular issues but must either dismiss the application for such an order or prohibit the judicial tribunal from assuming any jurisdiction in the matter. The power of the court to make an order of prohibition is not so limited. The remedy of the writ or order of prohibition, though ordinarily employed to restrain a subordinate tribunal from entertaining a cause or proceeding over which it has no jurisdiction, " may be exercised also to enjoin a lower court from exceeding its authorized powers in a proceeding over which it has jurisdiction." (*Matter of Culver Contrg. Corp.* v. *Humphrey,* 268 N. Y. 26, 39.)

No reason has been presented upon the reargument which persuades us that the decision rendered upon the original argument should be changed.

The order of the Appellate Division should be modified to the extent that the order of prohibition is confined, in accordance with this opinion, to the first three questions in the order of reference, and, as so modified, affirmed, without costs.

LOUGHRAN, LEWIS, CONWAY, DESMOND, THACHER and DYE, JJ., concur.

Ordered accordingly.