In the Matter of Frank Canizio, Petitioner, against Carmine J. Marasco, as One of the Judges of the Kings County Court, et al., Respondents.

Supreme Court, Special Term, Nassau County, February 11, 1947.

*Frank Canizio,* petitioner in person.

*Miles F. McDonald, District Attorney,* for respondents.

C. A. JOHNSON, J. This is an application for an order in the nature of a peremptory order of mandamus to compel the County Court of Kings County and the District Attorney of Kings County to give the petitioner a hearing in that court in support of his assertion that his conviction had in that court in 1931 was illegally obtained by reason of the fact, as petitioner asserts, that he was at all stages of the proceeding unrepresented by counsel. It appears that the petitioner has heretofore moved in the County Court to set aside his conviction and that the Supreme Court of the United States has affirmed the order of the County Court denying such motion (*Canizio* v. *New York,* 327 U. S. 82). Thereafter, the petitioner made a further motion in the County Court, wherein he attacked matter appearing in the stenographic record on the occasion of his sentence as erroneous and incorrect and sought to produce witnesses in support of his assertions. This motion was denied by the County Court and certiorari of the County Court's order was refused by the Supreme Court of the United States (329 U. S. 797).

In this proceeding, the petitioner seeks, in effect, an order from this court directing the County Court to grant him a further hearing and the opportunity himself to appear before the court and to produce witnesses with respect to his allegations; in other words, he seeks in this manner to review previous action of the County Court upon a matter within its jurisdiction and discretion; or, if it be viewed as an entirely new proceeding, he seeks to have this court direct the manner in which the County Court shall exercise its jurisdiction. The law is well settled that the Supreme Court may not by mandamus review decisions of the inferior courts in matters within their jurisdiction and discretion (*Judges of Oneida Common Pleas* v. *People ex rel. Savage,* 18 Wend. 79). Neither has this court any authority to prescribe in advance the manner in which the County Court shall discharge its functions in a particular matter (*Matter of United States of Mexico* v. *Schmuck,* 294 N. Y. 265). Accordingly, as it appears that the relief the petitioner seeks may not be granted by this court, his application must be denied and the petition dismissed.

**Submit order.**