In the Matter of GERALD S. KAHN, Petitioner, *v.* FREDERICK BACKER, a Justice of the Supreme Couit, Respondent.

First Department, May 12, 1964.

*Martin Shulman* for petitioner.

*Daniel M. Cohen* of counsel (*Louis J. Lefkowitz, Attorney-General*), for respondent.

*Per Curiam.* This is an application, pursuant to article 78 CPLR, to compel a Justice of the Supreme Court to render a decision on a motion made by petitioner to dismiss a cause of action in a complaint for insufficiency. Petitioner is a defendant in an action brought by his former wife to recover payments due under a separation agreement. One of the causes of action alleged in the complaint in that suit is by the wife as guardian ad litem of the infant son of the parties. Petitioner moved to dismiss that cause of action for insufficiency, relying on the decision in *Ben Ami* v. *Ben Ami* (9 A D 2d 646, affd. 8 N Y 2d 885). At the time the motion was made, the case was on the General Jury Reserve Calendar and would be reached for trial in a few months. On March 25, 1964, respondent disposed of the motion by referring it to the Trial Justice, stating that the " trial court will be in the best position to determine whether the rights of the child are enforceable by the mother's action individually or in her representative character." Contending that respondent had failed to render a decision on his motion, petitioner brought the instant proceeding to direct respondent to make a decision granting or denying the motion to dismiss. Pursuant to subdivision (b) of 7804 Civil Practice Law and Rules, respondent has raised an objection to the petition in point of law and has moved to dismiss the petition.

The inherent infirmity in petitioner's application is the untenable assumption that respondent rendered no decision on petitioner's motion. Properly and reasonably construed, respondent's disposition of the motion constituted a denial of the motion

without prejudice to a renewal before the trial court. Petitioner could have entered an order to that effect, and such an order would have been appealable. (*Winn* v. *Warren Lbr. Co.*, 11 A D 2d 713.) An article 78 proceeding may not be used to challenge a determination made in a civil action unless it is an order summarily punishing a contempt committed in the presence of the court. (CPLR 7801, subd. 2; *Matter of Bradford* v. *Aureilo*, 9 A D 2d 891.) Respondent's disposition of petitioner's motion, even if it were manifestly erroneous, cannot be indirectly reviewed in this article 78 proceeding. (*Matter of Lorberblatt* v. *McDonald*, 10 A D 2d 641; *Matter of McBride* v. *Murray*, 72 Hun 394, 395.) As stated in *Matter of United States of Mexico* v. *Schmuck* (294 N. Y. 265, 271–272) : " The court may err in the exercise of its judicial functions but ordinarily it cannot by order in the nature of mandamus or of prohibition be commanded or advised in advance to exercise such functions in a prescribed manner."

It is apparent that respondent exercised a judicial discretion in ruling that decision on petitioner's motion should be deferred until the trial. That was a determination of petitioner's motion. Petitioner may not compel respondent to decide the matter in any particular way. Any dissatisfaction with the decision, or any sense of frustration, should have been voiced by means of an appeal after the entry of an appropriate order. There was no basis for the instant proceeding. In fact, the palpable lack of merit in this application warrants the granting of the motion to dismiss, with $75 costs.

The motion to dismiss the petition should, therefore, be granted, and the petition should be dismissed, with $75 costs to respondent.

BOTEIN, P. J., BREITEL, VALENTE, STEVENS and EAGER, JJ., concur.

Motion to dismiss petition granted and the proceeding unanimously dismissed, with $75 costs and disbursements to respondent.