Millard L. Midonick, J.
The problem presented in this proceeding involves a proposed order of sequestration in behalf of his dependents, of the salary and allowances being currently paid to the respondent as a telecommunications operator employed by the United Nations Secretariat. The respondent is not a resident or to be found within the State of New York, and is said to be stationed in behalf of the United Nations in Korea. The petitioner is his wife, (or perhaps his ex-wife due to a Turkish divorce obtained without personal jurisdiction over the petitioner), and the petitioner makes application herein in *539 behalf of herself and respondent’s 13-year-old child who lives with petitioner in the County of New York.
There has been no personal service whatever over respondent, and as far as petitioner now knows his only property is that which he receives as salary and allowances emanating from his employer the United Nations Secretariat.
As the Court of Appeals has held in the Matter of United States of Mexico v. Schmuck (294 N. Y. 265) even an agency of a foreign authority is exempt from attachment of its property. The United Nations, the sovereign entity itself, enjoys the same immunity as any other sovereign. Its moneys which it is in the process of transmitting to its own employees cannot be interfered with en route, unless and to the extent the sovereign consents to placing such money or property at the disposal of the orders of this court. (Matter of United States of Mexico v. Schmuck, supra.)
This is no different from the sovereign authority of the United States of America which forbids payroll deduction orders, attachments, garnishments and the like of all its employees even those who are respondents owing a duty to their helpless dependents residing within the jurisdiction of any court of the United States.
The petitioner asserts that unless this court, even before it obtains jurisdiction in personam or in rem over the respondent or his property, indicates in some way that she and the respondent’s child are entitled to more than the $44 a month being remitted by the United Nations to her pursuant to the purported Turkish decree of divorce, there is no tangible basis for her to request the support of the Department of State of the United States of America to persuade the United Nations to consent to remit to this court any more than it is remitting to her.
Section 429 of the Family Court Act in providing for sequestration of a nonresident respondent’s property provides that without personal jurisdiction over him and without notice to him, property of a respondent within this State can be seized and applied for dependent’s purposes as justice may require. This section envisages a respondent not represented and not before the court, and yet it is expressly provided, obviously on an in rem basis, that the income or the proceeds from the sale of any property sequestered may be applied, “ in whole or in part and from time to time, under the direction of the court and as justice may require, to the payment of such sum or sums as the court may deem it proper to award, by order, and during the pendency of the proceeding or at the termination thereof, for the education or maintenance of any of the children of a *540 marriage, or for the support of the wife, or for her expenses in bringing and carrying on said proceedings ’
Pursuant to the above statutory authority, a hearing has been held with only the petitioner present with her attorney. Respondent should be afforded if he so desires the opportunity to submit evidence in support of his claims as to the extent and magnitude of the support provisions for the petitioner herein. (Dumpson v. Pipia, 24 A D 2d 949.) Therefore the order of support will be temporary and the sums, if any, impounded to give the respondent an opportunity to appear. If the Turldsh divorce is valid, it can be proved, but until proved it cannot bind this court nor will this court presume to hear evidence as to modification unless the Turkish decree is proved. (Rosenbaum v. Rosenbaum, 309 N. Y. 371.)
There is expressly excluded for the time being from any sequestration order, any moneys whether wages, salary, maintenance allotment, overseas allowance or other, payable or to become payable from the funds of the United Nations Secretariat to the respondent who appears to be employed by such United Nations Secretariat. This exclusion is based upon the sovereign immunity of the United Nations as such and will continue unless and until expressly modified by order of a Judge of this court, in accordance with the doctrines applicable, including that in Matter of United States of Mexico v. Schmuck (294 N. Y. 265, supra). The only basis upon which such modification can be made is if and when and to the extent it is proved to the satisfaction of this court that the United Nations consents to such sequestration either by direct advice from a representative of the United Nations or by advice thereof from the Department of State of the United States.
The further application made as part of the proposed order of sequestration, for a substantial judgment for arrears stemming from a purported order of temporary support in the Supreme Court action for a separation by this petitioner against this respondent and signed by a Justice of the Supreme Court, New York County, on November 1, 1966 (Index No. 30133/62), also in the amount of $200 per week plus school tuition allotment from the United Nations will be stricken from the proposed order. Such an application cannot be entertained under the present circumstances. Due process will not be available to the respondent since the concept of continuing jurisdiction in personam is insufficient for an arrears judgment where proper notice and a proper opportunity to defend himself is not made available to the respondent. (Griffin v. Griffin, 327 U. S. 220.) Moreover, an earlier purported order (Oct. 20, 1962) of *541 $25 weekly for the child’s support carries the provision by the Supreme Court that 1 ‘ this order or decree may be enforced or modified only in the Supreme Court. ’ ’ The petitioner may pursue this aspect of her relief in the Supreme Court if she can satisfy that court that the respondent’s right to due process is properly preserved. Therefore, this application by petitioner for a judgment for arrears is hereby denied without prejudice.