■ In the Matter of NICHOLAS FINO et al., Respondents, v. RUDOLPH U. JOHNSON, as Associate Judge of the City Court of Buffalo, et al, Appellants.— Judgment unanimously reversed on the law, without costs, and petition dismissed. Memorandum: Following the denial of a motion to suppress certain evidence, petitioners moved to dismiss the informations upon which they had been held, charging them with violations of section 225.05 of the Penal Law,

on the ground that they stated the crime charged against each in the alternative. The informations were dismissed without prejudice to the filing of new informations, and new informations were filed charging petitioners with the same crimes but curing the defect found in the original informations. Petitioners thereupon brought on another motion to suppress which was denied by Judge JOHNSON of the City Court of Buffalo " on the basis that a motion to suppress in this matter was argued before the Honorable WILLIAM J. OSTROWSKI, Associate Judge of City Court, and thereafter a decision denying suppression was rendered on November 29, 1968." Petitioners then brought this article 78 proceeding, and this appeal is from a judgment directing the hearing of proof and testimony on the motion brought before Judge JOHNSON. All parties concede that both motions to suppress involved the same individuals and the same factual situation and that on the hearing on the first motion, full opportunity was afforded for cross-examination. No new ground for suppression was asserted on the second motion. Upon the allegation of petitioners that the proceedings on the first motion would not be a part of the record of the proceedings on the second, Judge JOHNSON directed that the suppression hearing on the first motion become a part of and incorporated in the record of the proceedings involving the second informations. While proceedings in the nature of mandamus or prohibition are available to compel the performance of an act required by law, such proceedings, as provided in CPLR 7801 (subd. 2) cannot be used to challenge a determination made in a civil action or criminal matter unless it is an order summarily punishing a contempt committed in the presence of the court (see *Matter of United States of Mexico* v. *Schmuck,* 294 N. Y. 265, 271, 272; *Matter of Wilson* v. *Gallucci,* 32 A D 2d 784; *Matter of Kahn* v. *Backer,* 21 A D 2d 171; *Matter of Ricapito* v. *People,* 20 A D 2d 567; *Matter of Bloeth* v. *Marks,* 20 A D 2d 372, 375). It appears clear from the record that Judge JOHNSON entertained petitioners' motion and denied it on his finding that the mandate of section 813-c of the Code of Criminal Procedure that "The court shall hear evidence upon any issue of fact necessary to determination of the motion" had been complied with on the hearing before Judge OSTROWSKI, the proceedings in connection with such hearing being then ordered by Judge JOHNSON to be incorporated in the record on the second application. If the court was in error in its determination, the propriety thereof may be tested on appeal from a judgment of conviction but not in an article 78 proceeding. (Appeal from judgment of Erie Special Term granting petition in article 78 proceeding in nature of mandamus.) Present — Del Vecchio, J. P., Marsh, Witmer, Moule and Henry, JJ.