In the Matter of VENTURE MAGAZINE, INC., et al., Petitioners, v ROBERT E. WHITE, as Justice of the Supreme Court of the State of New York, Respondent.

First Department, October 9, 1984

APPEARANCES OF COUNSEL

*Andrew P. Weiss* of counsel (*Edward L. Smith,* attorney), for petitioners.

*Jeffrey I. Slonim* and *Marla Tepper* of counsel (*Robert Abrams, Attorney-General,* attorney), for respondent.

*Bernard E. Clair* of counsel (*Clair & Daniele,* attorneys), for Jerome Brandt.

OPINION OF THE COURT

*Per Curiam.*

In this proceeding, brought pursuant to CPLR article 78, petitioners seek a judgment to compel respondent, a Justice of the Supreme Court, to decide, on the merits, petitioners' motion for summary judgment dismissing a complaint.

The petitioners are defendants in a libel action, entitled *Brandt v Venture Mag.* (Supreme Ct, NY County, index No. 14354/81), which was commenced in 1981. On July 11, 1984, the petitioners filed the instant motion for summary

judgment, returnable in Special Term, Part I. While the *Brandt* litigation was being conferenced in Trial Term, Part XIV, before respondent, on July 12, 1984, he was informed of the motion pending in Special Term, and directed that it be made returnable before him. The petitioners then renoticed their motion and changed the return date to July 18, 1984. On the return date, instead of deciding the motion, respondent entered an order referring that motion to the Trial Justice, whoever that might be, who would be presiding on October 15, 1984, the date the *Brandt* litigation is scheduled for trial.

After respondent entered his order, petitioners instituted the instant article 78 proceeding.

We find that "respondent's disposition of the motion constituted a denial of the motion without prejudice" (*Matter of Kahn v Backer,* 21 AD2d 171, 172-173). Thus, this is an appealable order (see CPLR 2219, subd [a]), and we will treat it as such. When there is an appealable order, an article 78 proceeding is not the appropriate method for a litigant to seek relief.

Since we have jurisdiction over all the necessary parties, we will, pursuant to the discretionary power provided us under CPLR 103 (subd [c]), convert this proceeding into an action at law, and treat it as if it were a properly brought appeal. Examination of the file indicates that the petition was served within 30 days of the date of entry of the respondent's order, therefore, the appeal is timely (CPLR 5513, subd [a]).*

We disapprove of the practice of Judges delaying the disposition of summary judgment motions, which are returnable before them, by referring such motions to an unknown Trial Justice who will preside over trials scheduled to take place at some date in the future. We cannot countenance such a practice, in view of the fact that it denies litigants the prompt adjudication to which they are now entitled. We find, based on the facts before us, that the respondent abused his discretion.

Accordingly, the order of the Supreme Court, New York County (Robert E. White, J.), entered on July 18, 1984

---

* In addition to instituting their article 78, petitioners have also filed a notice of appeal to this court.

which referred defendants' summary judgment motion to the Trial Judge, should be modified, on the law, the facts and in the exercise of discretion, to the extent of remanding defendants' motion to the respondent for a determination, on the merits, in accordance with CPLR 2219 (subd [a]) and otherwise affirmed, without costs.

Murphy, P. J., Sullivan, Ross, Silverman and Milonas, JJ., concur.

Order, Supreme Court, New York County, entered on July 18, 1984, unanimously modified, on the law, the facts and in the exercise of discretion, to the extent of remanding defendants' (petitioners') motion to the respondent for a determination, on the merits, in accordance with CPLR 2219 (subd [a]) and otherwise affirmed, without costs and without disbursements.