OPINION OF THE COURT
Memorandum.
The judgment of the Appellate Division should be affirmed, with costs.
Petitioner commenced this proceeding in an effort to obtain access to all public documents filed in a separate action to which it was not a party, which had been sealed by a court order dated October 24, 1986. Its claim was based on the premise that there is a common-law right of access to inspect and copy judicial documents (see, Nixon v Warner Communications, 435 US 589). Whether this article 78 proceeding is viewed as one seeking prohibition to enjoin enforcement of the prior sealing order or mandamus to compel the release of sealed documents, the proceeding does not lie.
The extraordinary remedy of prohibition is available "when *628 a court exceeds its jurisdiction or authorized power in such a manner as to implicate the legality of the entire proceeding, as for example, the prosecution of a crime committed beyond the county’s geographic jurisdiction” (Matter of Rush v Mordue, 68 NY2d 348, 353; Matter of Kisloff v Covington, 73 NY2d 445). The standards governing the availability of article 78 relief in the nature of mandamus are equally clear. It will not be awarded to " 'compel an act in respect to which the officer may exercise judgment or discretion’ ” (Matter of Gimprich v Board of Educ., 306 NY 401, 406, quoting People ex rel. Hammond v Leonard, 74 NY 443, 445).
Neither mandamus nor prohibition is available to petitioner in this case. Since courts have the inherent power to control the records of their own proceedings (see, e.g., Matter of Dorothy D., 49 NY2d 212, 215-216), there is no merit to the argument that the sealing order was a judicial act in excess of the court’s jurisdiction. Additionally, mandamus is unavailable because the decision to initially seal or to later disclose must, by its very nature, involve the balancing of competing interests, an inquiry which obviously involves a measure of discretion and precludes mandamus (see, e.g., Nixon v Warner Communications, supra; Matter of Gannett Co. v De Pasquale, 43 NY2d 370, 378).
Although an article 78 proceeding does not lie, petitioner is not without remedy. While petitioner, a nonparty in the original proceeding, could not have brought a direct appeal, it could have sought and may still seek relief from the sealing order via a motion to vacate pursuant to CPLR 5015 (a) in which all interested parties may be joined (see, Oppenheimer v Wescott, 47 NY2d 595, 602; Ladd v Stevenson, 112 NY 325, 332; Michaud v Loblaws, Inc., 36 AD2d 1013, 1014; 5 Weinstein-Korn-Miller, NY Civ Prac ¶¶ 5015.12, 5015.15).
Chief Judge Wachtler and Judges Simons, Kaye, Alexander, Titone, Hancock, Jr., and Bellacosa concur.
Judgment affirmed, with costs, in a memorandum.