[602 NYS2d 841]

In the Matter of JOSEPH P. CARROLL et al., Petitioners, v IRA
GAMMERMAN, as Justice of the Supreme Court of New
York County, et al., Respondents.

First Department, October 19, 1993

## APPEARANCES OF COUNSEL

*Robert M. Kaplan* of counsel *(Ferber Greilsheimer Chan & Essner,* attorneys), for petitioner.

*Abigail I. Petersen* of counsel *(Robert Abrams, Attorney-General,* attorneys), for Ira Gammerman, respondent.

*Robert J. Costello* of counsel *(Phelan & Costello, P. C.,* attorneys), for Patti Birch, respondent.

## OPINION OF THE COURT

Per Curiam.

This dispute arises out of the stipulated settlement of an action entitled *Birch v Carroll* (Sup Ct, NY County, index No. 15766/90). In January 1993, petitioners moved to compel compliance with the provisions of the settlement agreement by respondent Birch. Birch opposed, contending that a particular painting required to be returned by petitioners to respondent had not been delivered, as agreed, but that another painting by the same artist was substituted for the designated work.

Supreme Court conducted a trial of this framed issue at which petitioner, Joseph P. Carroll, and Christopher Erb, who had photographed the subject painting at Mr. Carroll's request, testified that the correct painting had been delivered to respondent Birch. In opposition to petitioner's motion, Birch denied that the work returned by Carroll was the painting she had delivered to him in 1990. During the course of her testimony, she stated that she was well acquainted with the artist, Zoran Music. She further intimated that the work returned to her by Carroll was acquired from Galerie Claude Bernard in Paris in September 1990 and that she had an affidavit from Claude Bernard Haim, the owner of the gallery, to that effect. However, the affidavit was never introduced into evidence, and respondent produced neither Mr. Music nor Mr. Haim at trial.

After both sides rested, the court indicated an interest in hearing testimony from Mr. Music and Mr. Haim, either in person or by way of deposition. When counsel for petitioners

protested, the court announced, "Counsel, I am not going to close this proceeding without hearing from Mr. Bernard [Haim] and from Mr. Music. That is my ruling."

The petition, pursuant to CPLR article 78, alleges that the court has usurped the role of counsel to determine the nature and extent of the evidence to be introduced at trial. It further avers that petitioners will incur substantial expense to take part in depositions to be conducted in Paris, France, and that, because of certain provisions of French law, their cross-examination of respondent's witnesses will be hampered by the inability to require the witnesses to produce relevant documents bearing on their credibility. The petition seeks a writ in the nature of mandamus, prohibiting respondent Trial Justice from compelling testimony, by way of deposition, from the two witnesses not called by either party at the framed issue trial, and directing respondent to render judgment on the evidence of record.

Respondent argues that a proceeding in the nature of prohibition does not lie to challenge evidentiary rulings made in the course of trial. Nor, he contends, may an article 78 proceeding be utilized to challenge a determination where an adequate remedy at law is available by way of appeal. Finally, he urges that, despite any lack of statutory authority to support his action, the disputed ruling falls within the exercise of the court's inherent power to make evidentiary rulings during trial.

In *Matter of Hogan v Court of Gen. Sessions* (296 NY 1, 8), the Court of Appeals stated that while an order of prohibition is "ordinarily employed to restrain a subordinate tribunal from entertaining a cause or proceeding over which it has no jurisdiction [citations omitted], it may be exercised also to enjoin a lower court from exceeding its authorized powers in a proceeding over which it has jurisdiction". The question before the Court in this proceeding is whether there is any authority for the extraordinary procedure employed by respondent in directing counsel for the parties in the underlying action to take depositions of persons not called as witnesses at trial.

It is beyond respondent's power as a Supreme Court Justice to compel the proposed witnesses, residing in France, to attend at trial in this jurisdiction and give evidence (NY Const, art VI, § 1; Judiciary Law § 2-b [1]). The court's ruling therefore amounts to a direction to counsel to exploit a pretrial disclosure device to preserve testimony for use in the

trial of the framed issue (CPLR 3113 [a] [3]; 3117 [a] [3]; *see also,* CPLR 3108). Furthermore, French law places restrictions upon the release of documents in connection with foreign proceedings, and it is by no means certain that the court's order, which purports to direct the witnesses to produce documents in their possession, will be or even can be complied with.

It is clear from a perusal of CPLR article 31 that resort to disclosure devices is a prerogative of the parties, not the court. The provisions governing the various disclosure devices (CPLR 3102) provide for utilization by "a party" or "any party" (CPLR 3106 [a], [d]; 3107, 3108, 3109, 3120 [a] [1]; 3121 [a]; 3123, 3130, 3132). The role of the court is merely supervisory, and the power of the court to act "on its own initiative" with respect to disclosure under article 31 is limited to this function (CPLR 3103 [a]; 3104 [a]). Significantly, it is the prerogative of "the proponent of the discovery" (viz., the party) to "apply to the court to compel disclosure" (CPLR 3124, 3130 [2]). The Legislature's use of the term "party" in provisions governing use of the various disclosure devices and its limitation of action by the court "on its own initiative" to exclusively supervisory functions leads to the inescapable conclusion that respondent has exceeded powers carefully circumscribed by statute. We note also that, at this late stage in the proceedings, no justification has been advanced for vacating the note of issue and reopening discovery *(see, King v Burkowski,* 155 AD2d 285), a prerogative also reserved by court rule to "any party" (22 NYCRR 202.21 [e]). Nor does respondent point to any provision by which Messrs. Music and Haim could be called as witnesses of the court *(see, e.g.,* 22 NYCRR 202.18).

Petitioner has established that the procedure sought to be utilized by respondent is in excess of his authority. Respondent nevertheless contends that the extraordinary remedy of a writ of prohibition is barred by the availability of appeal *(Matter of State of New York v King,* 36 NY2d 59, 62).

Respondent's emphasis on the procedural context of this application overlooks both the court's obligation to liberally construe pleadings (CPLR 3026) and to make any order necessary for the prosecution of a proceeding brought in improper form (CPLR 103 [c]; *Matter of Venture Mag. v White,* 103 AD2d 450). Did we not regard this matter as appropriate for disposition by way of a writ in the nature of prohibition to restrain Supreme Court from proceeding in excess of judicial

authority, we would deem it to be an appeal from an order issuing a commission (CPLR 3108; *Stanzione v Consumer Bldrs.*, 149 AD2d 682). In either event, the outcome is identical.

Turning to the merits of petitioners' application, it is well settled that a court may conduct limited examination of a witness "to elicit significant facts, clarify an issue or facilitate the orderly and expeditious progress of the trial" (Fisch, New York Evidence § 345, at 228 [2d ed]). But, by presuming to direct the production of testimony from witnesses neither deposed by the parties nor called by them at trial, the Trial Justice has transgressed the bounds of adjudication and arrogated to himself the function of advocate, thus abandoning the impartiality required of his office (Judiciary Law §§ 16, 17).

This Court is mindful that the Trial Justice expressed his view, on the record, that "somebody is committing blatant perjury in this case. I want to find out, if I can, who it is. And if perjury is being committed take appropriate action." However, conflict in the testimony of witnesses presents a fundamental question of fact for resolution by the court, as trier of the facts, on the basis of the evidence presented. Perjury is a criminal offense (Penal Law art 210), and the examination of witnesses to ascertain whether a basis exists for prosecution is the province of the District Attorney's Office and the Grand Jury, not a civil trial court.

Respondent has asserted no valid ground for the introduction of the testimony of the proposed additional witnesses into this action. If, in the opinion of the court, a party has failed to introduce sufficient evidence to support the judgment sought, the clear option available to the court—indeed, the duty imposed upon the court by law—is to render judgment in favor of the adversarial party. Similarly, if the testimony of witnesses presented by one party is unworthy of belief, it is incumbent upon the court, as trier of the facts, to make findings in favor of the adversarial party.

No equitable consideration or exceptional circumstance has been suggested which would warrant the taking of further testimony in this matter in order to avoid an unjust result or undue hardship (CPLR 3117 [a] [3] [v]). Where the record suggests that perjury has been committed, the matter may, in the sound exercise of the court's discretion, be referred to the District Attorney's Office for investigation.

Accordingly, the petition, pursuant to CPLR article 78,

seeking a writ in the nature of mandamus to prohibit respondent Justice from compelling testimony, by way of deposition, from two witnesses not called by either party at a trial of a framed issue, should be unanimously granted, without costs, and the Trial Justice directed to render judgment on the evidence of record within 60 days after the date hereof pursuant to CPLR 4213 (c).

In view of the foregoing, respondent's motion to dismiss the petition is denied.

ROSENBERGER, J. P., ASCH, KASSAL and RUBIN, JJ., concur.

Application in the nature of mandamus granted, without costs, and the Trial Justice directed to render judgment on the evidence of record within 60 days after the date hereof pursuant to CPLR 4213 (c), and respondent Justice's cross motion to dismiss the petition is denied.