■ In the Matter of LAURA SOMMER, Appellant, v RAYMOND HARRINGTON, Respondent. [604 NYS2d 196] —In a proceeding pursuant to CPLR article 78, *inter alia,* to compel the respondent Acting Surrogate of Nassau County to accept and consider papers in a proceeding pending in the Surrogate's Court, Nassau County, the petitioner appeals, as limited by her brief, from so much of a judgment of the Supreme Court, Nassau County (McCaffrey, J.), entered May 10, 1991, as granted the respondent's motion to dismiss the proceeding.

Ordered that the judgment is affirmed insofar as appealed from, with costs; and it is further,

Ordered that the petitioner, a representative of Peter R. Newman, P. C., and the counsel for the respondent, are directed to appear before this Court on Wednesday, December 15, 1993, at 12:00 Noon, to be heard upon the issue of the imposition of appropriate sanctions and costs, if any, pursuant to 22 NYCRR 130-1.1.

The Supreme Court acted properly in dismissing the instant proceeding. The appropriate vehicle for challenging the propriety of the Acting Surrogate's determination, made in an order dated April 4, 1991, denying the petitioner's application to submit papers in a proceeding pending before him, was a direct appeal from that order *(see,* CPLR 7801; *Matter of Veloz v Rothwax,* 65 NY2d 902; *Matter of Sans v Doyle,* 175 AD2d 670; *Matter of Sharpton v Turner,* 169 AD2d 947; *Matter of Venture Mag. v White,* 103 AD2d 450; *Matter of Kahn v Backer,* 21 AD2d 171). In any event, the petitioner failed to demonstrate a clear legal right to the extraordinary remedy of either a writ of prohibition or mandamus to compel, since the Surrogate's refusal to accept her papers was not in excess of his authority, nor did it violate a duty enjoined upon him by law to perform a purely ministerial act *(see, Matter of Crain*

*Communications v Hughes,* 74 NY2d 626; *Matter of Jacobs v Altman,* 69 NY2d 733; *Matter of Savastano v Prevost,* 66 NY2d 47; *Matter of Molea v Marasco,* 64 NY2d 718).

Moreover, the petitioner's underlying legal argument (i.e., that she has an inherent right to appear and participate in the proceeding in Surrogate's Court notwithstanding her repeated refusal to file an affidavit of standing with that court pursuant to SCPA 402 [1]), was previously advanced and rejected in one of her prior appeals to this Court *(see, Matter of Sommer,* 179 AD2d 762).

The instant appeal is so lacking in merit that it can only be characterized as frivolous within the meaning of 22 NYCRR 130-1.1. The legal argument which the petitioner presently advances has repeatedly been rejected both by the Surrogate and by this Court in a previous appeal decided almost two years prior to the oral argument of the instant matter *(see, Matter of Sommer, supra).* Thus, the petitioner and the counsel for both parties are directed to appear before this Court on Wednesday, December 15, 1993, at 12:00 Noon, to be heard upon the issue of the imposition of appropriate sanctions and costs, if any, pursuant to 22 NYCRR 130-1.1. Mangano, P. J., Sullivan, O'Brien and Ritter, JJ., concur.