■ In the Matter of SALVATORE BRANCIFORTE, Appellant, v SPANISH NATUROPATH SOCIETY, INC., et al., Respondents. [629 NYS2d 465] —In a proceeding pursuant to CPLR article 78, *inter alia,* in the nature of mandamus to annul and vacate a judgment of possession entered in a holdover proceeding, the petitioner appeals from a judgment of the Supreme Court, Richmond County (Cusick, J.), dated October 29, 1993, which denied the petition and dismissed the proceeding.

Ordered that the judgment is affirmed, with one bill of costs payable to the respondents appearing separately and filing separate briefs.

In an underlying action by the petitioner and others against the Spanish Naturopath Society (hereafter the Society), the Supreme Court's order dismissing the cause of action to enjoin the Society from prosecuting a holdover proceeding against the petitioner was affirmed by this Court *(Cora v Spanish Naturopath Socy.,* 168 AD2d 535). Subsequently, in an eviction proceeding instituted by the Society, the Civil Court of the City of New York, Richmond County, found that the issue of the Society's right to evict the petitioner had been decided in its favor by the Supreme Court in the previous action. Accordingly, the Civil Court granted a judgment of possession in favor of the Society. The Appellate Term affirmed the Civil Court's judgment and we denied leave to appeal. The petitioner then instituted this CPLR article 78 proceeding to review the actions of the Judges, attorneys, court personnel, and others in connection with the Civil Court action and the previous holdover proceeding. The Supreme Court denied the petition and dismissed the proceeding.

The Supreme Court properly dismissed the petition on the ground that it fails to state a cause of action upon which CPLR article 78 relief may be granted. Writs of mandamus, prohibition, and certiorari do not lie to review an appealable order or to correct an alleged error of law. The proper remedy, if one is aggrieved by a court's decision, is to appeal the final order or judgment to the proper appellate court rather than to attack it collaterally by way of mandamus *(see,* CPLR 7801; *Matter of Veloz v Rothwax,* 65 NY2d 902; *Matter of Sommer v Harrington,* 198 AD2d 508). Likewise, prohibition is an extraordinary remedy that lies only when there is a clear legal right to the relief requested and only when the body or officer involved acts or threatens to act without jurisdiction over the subject matter or exceeds its authorized powers in a proceeding over which it has jurisdiction *(see,* CPLR 7803 [2]; *Town of Huntington v New York State Div. of Human Rights,* 82 NY2d 783;

*Matter of Morgenthau v Altman,* 207 AD2d 685). Here, the petitioner has already availed himself of a remedy by appealing, albeit unsuccessfully, from determinations of the Supreme Court and Civil Court by which he claims to be aggrieved. Furthermore, certiorari lies only to review determinations of administrative bodies made after a hearing held pursuant to direction by law (CPLR 7803 [4]). A CPLR article 78 proceeding may not be used to challenge a determination made by a Judge in a civil action *(see, e.g., Matter of Paciona v Marshall,* 35 NY2d 289, 290).

In any event, the Supreme Court properly found that it lacked subject matter jurisdiction to overturn a judgment of the Civil Court which had been affirmed by the Appellate Term and for which leave to appeal had been denied by this Court *(see, Maracina v Schirrmeister,* 152 AD2d 502, 503; *see also, Fleet Credit Corp. v Cabin Serv. Co.,* 210 AD2d 57; *Brown v Brown,* 169 AD2d 487).

We have considered the petitioner's remaining contentions and find them to be without merit *(see,* CPLR 217 [1]; *Tesciuba v Cataldo,* 189 AD2d 655). Rosenblatt, J. P., Ritter, Copertino and Hart, JJ., concur.