■ In the Matter of THOMAS L. DYNO, Petitioner, v ROBERT S. ROSE, as Justice of the Supreme Court for Broome County, et al., Respondents. [687 NYS2d 497] —Spain, J. Proceeding pursuant to CPLR article 78 (initiated in this Court pursuant to CPLR 506 [b] [1]) to compel respondent Justice of the Supreme Court, *inter alia*, to sign orders granting a default and preliminary injunction in an underlying nuisance action.

Petitioner commenced this original CPLR article 78 special proceeding *pro se* against respondent Justice of the Supreme Court (hereinafter respondent) and Mary Lou Green (now known as Mary Lou Price) (hereinafter Green/Price), seeking a writ of mandamus to compel respondent to grant petitioner's motions and to sign proposed orders for a default judgment and a preliminary injunction in a nuisance action pending before respondent in Supreme Court, Broome County. To summarize, petitioner and his family commenced a *pro se* civil ac-

tion[1] against their neighbors, Daniel W. Green III (hereinafter Green) and Green/Price (collectively referred to as the Greens), for civil nuisance pursuant to RPAPL 841 claiming, *inter alia*, that the noise associated with their son's use of a basketball hoop in their backyard was an actionable nuisance, requesting abatement of the noise and money damages. Green did not serve an answer. Green/Price filed an answer denying all of the allegations in the complaint.

By order dated July 21, 1998 respondent, *inter alia*, denied petitioner's motion to dismiss Green/Price's answer as improperly interposed and permitted her to file an amended answer.[2] Respondent concomitantly held in abeyance petitioner's request for a preliminary injunction,[3] finding that questions of fact existed regarding (1) whether the Greens' past conduct constituted a nuisance (*see, Lewis v Stiles*, 158 AD2d 589, 590), and (2) whether the alleged nuisance is continuing and will cause irreparable harm in view of Green/Price's and her son's having vacated and Green's intent to imminently vacate the subject residence and its pending mortgage foreclosure (*see, Aetna Ins. Co. v Capasso*, 75 NY2d 860, 862). Respondent scheduled a hearing for August 14, 1998 to determine these issues, noting that petitioner would be required to provide objective proof to establish an actionable nuisance. Green/Price then timely filed a verified amended answer.

Petitioner also made an ex parte application under CPLR 3215 (a) for a default judgment against Green, based upon his failure to appear, and against Green/Price. Petitioner again— apparently ex parte—demanded a default judgment and preliminary injunction against the Greens by demand dated July 28, 1998 (*see*, CPLR 217 [1]) and submitted proposed orders. On July 31, 1998 petitioner filed yet another ex parte motion for a default judgment against the Greens, seeking further injunctive relief. By letter of the same day, respondent returned

---

1. The caption in the underlying nuisance action is "*Julia Dyno, Thomas Lamont Dyno and Carol Cass v Daniel W. Green III and Mary Lou Green*" (Index No. 98-973). For consistency, we will refer to petitioner in this proceeding only as petitioner even when summarizing the civil action in which he (and two others) was denominated a plaintiff.

2. Petitioner filed a notice of appeal from respondent's July 21, 1998 order.

3. Petitioner sought to, *inter alia*, restrain the Greens and others on the Greens' property from using the basketball apparatus, using their driveway for any activity other than quiet and orderly parking of vehicles and permitting or engaging in a variety of noisy activities. Respondent declined to conclude that this request for injunctive relief was moot in view of the Greens' actual or intended vacatur of the subject premises since they remained the unconstrained property owners.

petitioner's ex parte applications, explaining at length that he was not yet entitled to a default judgment against either of the Greens and that the hearing was still necessary.

The scheduled hearing was held on August 14, 1998 before respondent. On September 14, 1998 respondent issued an order which denied petitioner's request for a preliminary injunction, finding that he had failed to present any objective proof of a nuisance, and denied the motions for a default judgment on the merits, explaining that petitioner had not established the necessary elements of a nuisance claim (*see, Langan v Bellinger*, 203 AD2d 857). Respondent reiterated that it had previously determined that Green/Price was not in default, having permitted her to serve an amended answer. Petitioner filed a notice of appeal from this order.

By petition dated August 31, 1998, prior to respondent's issuance of its September 14, 1998 order addressing the pending motions, petitioner commenced this original proceeding seeking a writ of mandamus to compel respondent to sign the proposed orders for a default judgment and preliminary injunction, to provide all of the relief requested in the complaint except the amount of damages, and to pay $798.49 for expenses incurred in bringing this proceeding. Petitioner also seeks to compel respondent to perform a duty imposed by CPLR 4511 (a), i.e., "to take judicial notice of the common law [principle] that default by failure to appear on a verified complaint stating a cause of action admits the cause". Respondent filed a verified answer and is represented by the Attorney General. Green/Price did not serve an answer but her attorney has submitted a letter in opposition.

Notably, the special proceeding *sub judice* is neither a direct appeal from respondent's September 14, 1998 order rendered after the hearing in the nuisance action, nor may it serve as a collateral attack thereof but, rather, it is an entirely new, separate special proceeding which originated in this Court pursuant to CPLR 506 (b) (1). In that regard, we note, as a threshold matter, that petitioner named as respondents only respondent and Green/Price and failed to join Green as a party. Yet petitioner in this special proceeding seeks a writ of mandamus to compel a default judgment and preliminary injunction against Green (as well as Green/Price). Thus, Green would clearly be "inequitably affected" by the requested judgment in this proceeding and is a necessary party to this proceeding who should have been joined (*see*, CPLR 1001 [a]; *see also*, CPLR

7802 [a]; 7804 [i];[4] *Matter of Llana v Town of Pittstown*, 234 AD2d 881, 883, *after remand* 245 AD2d 968, *lv denied* 91 NY2d 812). Accordingly, this Court *sua sponte* and as a matter of discretion dismisses the verified petition due to petitioner's failure to join a necessary party (*see*, CPLR 1003; *see also*, CPLR 1001 [b]; *City of New York v Long Is. Airports Limousine Serv. Corp.*, 48 NY2d 469, 475).

In any event, this proceeding should be dismissed on the merits. Notably, petitioner does not merely seek to compel respondent to render "a" decision on its motions (*cf.*, *Matter of Giampa v Leahy*, 149 AD2d 595); rather, he improperly seeks to compel respondent to sign the proposed orders in his favor, i.e., to have this Court dictate in advance what respondent's decision must be. It is firmly established that the remedy of mandamus is not available to compel a judicial officer to render a decision with a particular outcome where the decision involves the exercise of discretion or judgment and is not merely a ministerial act required by law (*see*, *Matter of Crain Communications v Hughes*, 74 NY2d 626; *see also*, *Matter of Brusco v Braun*, 84 NY2d 674, 679; *Klostermann v Cuomo*, 61 NY2d 525, 539-540; *Matter of Hamptons Hosp. & Med. Ctr. v Moore*, 52 NY2d 88, 96; *Matter of United States of Mexico v Schmuck*, 294 NY 265, 271-272; *Matter of Abbott v Conway*, 148 AD2d 909, *lv denied* 74 NY2d 608; *Matter of Kahn v Backer*, 21 AD2d 171, 173; *Matter of Lorberblatt v McDonald*, 10 AD2d 641).

Although Green's default does constitute an admission of all of the factual allegations of the complaint (including the basic allegation of liability) and all reasonable inferences therefrom (*see*, *Rokina Opt. Co. v Camera King*, 63 NY2d 728, 730; *Sil-*

---

**4.** The parties did not address the joinder issue. We are mindful that the applicability of the joinder requirement of CPLR 7804 (i) to these facts is not clear in that, although this special proceeding was brought by a party to the pending nuisance action (i.e., petitioner, Thomas Dyno) (*see*, CPLR 7804 [i] [1]), and respondent is not a named party in that nuisance action (*see*, CPLR 7804 [i] [3]), respondent had not yet issued a decision on petitioner's motions for a default judgment and preliminary injunction against Green when petitioner commenced this proceeding. Thus, it may not be accurate to characterize this proceeding as "based upon an act * * * performed by * * * respondent in that pending action * * * either *granting or denying relief* sought by a party thereto" (CPLR 7804 [i] [2] [emphasis supplied]; *see*, Alexander, Practice Commentaries, McKinney's Cons Laws of NY, Book 7B, CPLR C7804:10, at 666-668; *op. cit.*, CPLR C7802:3, at 293; *see also*, Siegel, NY Prac §§ 558, 564, at 872-876, 885-886 [2d ed]). Also, for the most part, this proceeding does not challenge a "determination" in a civil action, which is generally not permitted in a CPLR article 78 proceeding (*see*, CPLR 7801 [2]; *Matter of Kahn v Backer*, 21 AD2d 171, 173).

*berstein v Presbyterian Hosp.*, 95 AD2d 773, 774; *see also, Muhlhahn v Triple Cee Bar & Rest. Supply Co.*, 133 AD2d 996, 997), and while the court "may" use a complaint verified by a party in lieu of any affidavit of facts upon which to base a default judgment (*see,* CPLR 3215 [f]), it does not follow that the trial court has a mandatory, ministerial duty to grant a motion for a default judgment upon every properly verified complaint—however deficient—upon which there has been a default (*see, Green v Dolphy Constr. Co.*, 187 AD2d 635; *Rivera v Laporte*, 120 Misc 2d 733, 735; *see also, Cree v Cree*, 124 AD2d 538, 541; 7 Weinstein-Korn-Miller, NY Civ Prac ¶¶ 3215.24-3215.29).

The verified complaint, like the applicant's affidavit for which it may substitute, must set forth the facts establishing the claim (*see,* CPLR 3215 [f]; *see also, Celnick v Freitag*, 242 AD2d 436, 437; *Kahn v Friedlander*, 90 AD2d 868). The legal conclusions to be drawn from the applicant's complaint and factual allegations are reserved for the court's determination, and the court retains the discretionary obligation to determine whether the applicant has met the burden of stating a prima facie cause of action (*see, Green v Dolphy Constr. Co., supra; see also, Zelnik v Bidermann Indus.*, 242 AD2d 227, 230; *Lippman v Hines*, 138 AD2d 845; *Muhlhahn v Triple Cee Bar & Rest. Supply Co., supra,* at 997; *Silberstein v Presbyterian Hosp., supra,* at 774; 7 Weinstein-Korn-Miller, NY Civ Prac ¶¶ 3215.24, 3215.27). The lack of opposition does not negate this judicial function. Indeed, CPLR 3215 (b) permits the trial court to conduct a fact-finding hearing prior to rendering a default judgment (*see, Matter of Brusco v Braun*, 84 NY2d 674, 681, *supra*). This statutory provision assists in making default judgments less susceptible to attack under CPLR 317 or CPLR 5015 (a) (4) for lack of jurisdiction or the presence of a meritorious defense. If the trial court determines that the allegations in a complaint or affidavit of facts fail to establish a prima facie case, the applicant is not "entitled" to the requested relief, even on default (*see, Green v Dolphy Constr. Co., supra; see also, Martinez v Camardella*, 161 AD2d 1107, 1108; *Muhlhahn v Triple Cee Bar & Rest. Supply Co., supra; Cree v Cree, supra,* at 541; *Silberstein v Presbyterian Hosp., supra; Kahn v Friedlander, supra,* at 868; *Rivera v Laporte, supra,* at 735). Accordingly, since a court's determination whether to grant an application for a default judgment inherently involves the exercise of judicial judgment and discretion, the remedy of mandamus does not lie to compel a favorable decision on the motions pending before respondent (*see, Matter of Brusco v Braun, supra,* at 680; *Matter of Crain Communications v Hughes*, 74 NY2d 626, *supra; see also, Klos-*

*termann v Cuomo*, 61 NY2d 525, 540, *supra*; *Rivera v Laporte*, *supra*, at 735).

Further, petitioner has not provided any basis upon which to grant mandamus or any other relief against Green/Price whose answer respondent accepted and who, thus, was not in default. Also, mandamus does not lie to compel respondent to sign petitioner's order for a preliminary injunction against either of the Greens, as an application for injunctive relief requires, *inter alia*, a balancing of the equities and a finding of irreparable injury, which unmistakably and inherently involves respondent's exercise of discretion and judgment and not a mere ministerial duty (*see, Aetna Ins. Co. v Capasso*, 75 NY2d 860, 862, *supra*; *see also, Matter of Brusco v Braun, supra*, at 679; *Matter of Crain Communications v Hughes, supra*; Siegel, NY Prac § 328, at 467 [2d ed]). Moreover, since petitioner had an adequate remedy at law in that he could have awaited a determination on his pending motions in the civil action and appealed therefrom, mandamus does not lie (*see, Matter of State of New York v King*, 36 NY2d 59, 62; *see also, Matter of Lipari v Owens*, 70 NY2d 731, 733; CPLR 7801). Finally, since petitioner has failed to demonstrate entitlement to any of the relief requested in his petition, there is no basis whatsoever upon which to grant his request for incidental expenses or restitution (*see*, CPLR 7806; *see also, Matter of Gross v Perales*, 72 NY2d 231, 235; *LaDuke v Lyons*, 250 AD2d 969, 972).

We have considered petitioner's remaining contentions and determine that they are clearly without merit.

Cardona, P. J., Mikoll, Crew III and Graffeo, JJ., concur. Adjudged that the petition is dismissed, without costs.