■ In the Matter of ANTHONY THOMPSON, Petitioner, v CYRUS R. VANCE, JR., et al., Respondents. [53 NYS3d 613]—

Application pursuant to CPLR article 78 for a writ of prohibition barring any further proceedings against petitioner under New York County indictment No. 3853/14, and for related relief, unanimously denied, and the petition dismissed, without costs.

Petitioner seeks to enjoin the Honorable Daniel P. Conviser from conducting a trial in the criminal case, *People v Thompson* (Sup Ct, NY County, indictment No. 3853/14), and to obtain an order vacating Justice Conviser's January 4, 2017 order denying petitioner's motion to dismiss the indictment for lack of jurisdiction.

The indictment charges that petitioner and his codefendants and accomplices acted together to manipulate the markets for numerous penny stocks in a "pump and dump" scheme. Penny stocks are securities that are traded for less than five dollars per share on the OTC Markets headquartered in New York City. Physical shares of some of the stocks, as well as book entry records of share transfers, were maintained at the Depository Trust Company in New York City.

Petitioner and his accomplices allegedly used promotional email newsletters to generate market interest and induce investment. Petitioner and his accomplices also allegedly used brokerage accounts, some of which were maintained at D. Weckstein & Company and Oppenheimer & Company, both headquartered in New York, to sell stock in furtherance of the alleged scheme.

Petitioner, his companies, the codefendants, and the victims are located outside of New York. To establish geographic jurisdiction within New York County, the People rely on petitioner's and his codefendants' use of certain brokerage firms, OTC Markets, and the Depository Trust Company, all located in New York, to argue that an element of each charged offense was committed in New York.

After being provided with portions of grand jury testimony, petitioner asked the court to dismiss the indictment for lack of geographic jurisdiction. Supreme Court denied the motion. Shortly before trial was to begin, petitioner filed this article 78 petition seeking a writ of prohibition.

"The extraordinary remedy of prohibition is available 'when a court exceeds its jurisdiction or authorized power in such a manner as to implicate the legality of the entire proceeding, as for example, the prosecution of a crime committed beyond the county's geographic jurisdiction' " (*Matter of Crain Communications v Hughes*, 74 NY2d 626, 627-628 [1989], quoting *Matter of Rush v Mordue*, 68 NY2d 348, 353 [1986]).

"[T]he remedy is not granted as of right, but only in the sound discretion of the reviewing court" (*Matter of Neal v White*, 46 AD3d 156, 159 [1st Dept 2007]).

Petitioner fails to establish why he is entitled to such extraordinary relief here. The question of geographic jurisdiction may be raised upon a fuller record at trial, or upon any appeal after any conviction, as "the ordeal of a criminal trial, and the possibility of a conviction are, by themselves, insufficient to warrant the use of a writ" (*Matter of Neal v White*, 46 AD3d at 160). Moreover, petitioner is not incarcerated while awaiting trial. Concur—Acosta, J.P., Richter, Manzanet-Daniels, Gische and Webber, JJ.

Motion for a stay denied. Interim stay granted by a Justice of this Court vacated.